The opinion of the court was delivered by
Miller, J.
The plaintiff brings this petitory action to recover a square of ground in the sixth district of the city, acquired by him in 1851. The defendant and his warrantors claim under an adjudication *1474 for payment of State taxes accrued prior to 1879, made to Orloff Lake in 1885, and based on the act of the Legislature, No. 82 of 1884, directing sales for taxes. The defences to plaintiff’s suit are the exceptions of no cause of action; prescription of two, three and five years; of res judicata, based on a judgment of the District Court condemning one of the warrantors to accept the tax title; the defence is also urged that the property was, subsequently to the tax sale, adjudicated to the State for the taxes of 1880 to 1882, assessed in the name of R. Castillo, and finally the defence relies on the tax sale of 1885, under the Act No. 82 of 1884, as vesting complete title in Lake and those claiming under him. From the judgment of the lower court, in favor of the defendant, this appeal is prosecuted by plaintiff.
It appears that from 1876 to 1878 the property was assessed as that of R. Castillo, that the property was never forfeited or adjudicated to the State for these taxes, the only adjudication to the State for the taxes of 1880 to 1883 being assessed to R. Costello; the adjudication to Lake in 1886, under the act of 1884, was followed by the deed authorized by the act, and it further appears that one of Lake’s vendees has paid all the taxes accrued since 1879, manifestly intended to complete the tax title.
The vigorous argument in this court on behalf of the plaintiff mainly rests on his contention that the Act No. 82 of 1884 must be restricted to the sale of property forfeited to the State, or to which the State had a title at the date of the Constitution of 1879, it being conceded in this case there was no such forfeiture or title. The pro - vision in the Constitution of 1879 for the relief of delinquent taxpayers might well, as of first impression, suggest its applicability only to sales of property forfeited to the State or belonging to it when the Constitution was adopted. This impression, in our view, must yield to more careful reading of the instrument. In the last portions of the ordinance there is, in our view, a distinct reference to the property on which taxes are due, levied prior to 1879, followed by the direction that all such property shall be sold in the manner provided by law. Such property embraces not only that forfeited or belonging to the State, mentioned in the beginning of the ordinance (the fifth line) bui also property on which taxes were due prior to 1879, and not redeemed within the period given by the ordinance. Indeed, the interpretation we announce can not be *1475 deemed open. In the matter of Orloff Lake, 40 An. 242; In re Douglas, 41 An. 765. and other decisions of this court.
The acts No. 107 of 1880, 98 of 1882, and No. 82 of 1884, followed this ordinance. The first two acts were deemed not sufficiently comprehensive, but in the last act the sale of all property was authorized on which taxes are, due the State prior to 1879, as well as property forfeited. See the act of 1884, Sees. 1, 3. Under the act the sale was to be made after advertisement, giving the name of the party in whose name the property was assessed or the name of the present owner. The deed under the act was to be conclusive evidence among other things that the property was assessed according to law. Sec. 3. Under this act and deed issued under it, the defendant holds title. It is urged on behalf of plaintiff that the property was not properly assessed for the taxes prior to 1879, because the assessment was in the name of R. Castillo instead of Rafael Maria Del Castillo. We are relieved of the necessity of passing on the question of the sufficiency of this assessment. The act of 1884 makes the deed conclusive of the sufficiency of the assessment of the prop rty sold under it. The question of the competency of this legislation in this respect has been before this court onrepeated occasions. The argument now addressed to us against the constitutionality and interpretation of the act must be viewed as directed against a series of decisions of this court. To those decisions we must adhere and hold the act precludes the inquiry. In the matter of Orloff Lake, 40 An. 142; In re Douglas, 41 An. 765; Breaux vs. Negrotto, Jr., 43 An. 430, et seq.
It is urged on us that the property not forfeited to the State prior to 1879 could not be sold without the notice specified in Art. 210 of the Constitution. That article applies manifestly to sales for taxes since 1879. Sales of property for taxes prior to 1879 are governed by the ordinance for the relief of delinquent taxpayers, and by the act of 1884 prescribing newspaper notice. In this case the advertisement gave the full name of plaintiff, adding his estate or heirs, and in our view the advertisement conformed to the requirement of the act.
In all aspects of the case, we think the defendant’s title is protected by a line of decisions, that no court should deem itself at liberty to overthrow, especially as they are based on that provision of our organic law dealing with the subject of long deferred taxes, left *1476 still unpaid after the liberal grace extended the owners by the ordinance.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.
Nicholls, C. J., absent.