## CASTILLO *v.* McCONNICO.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 48.   Argued October 19, 20, 1897. — Decided January 3, 1898.

This action was brought and prosecuted to final judgment in the state courts of Louisiana. Its object was to recover land in New Orleans which had been sold for nonpayment of taxes and had passed from the purchaser at the tax sale by sundry mesne conveyances to the defendant. The grounds on which it was sought to avoid the sale were alleged defects in the statement of the name and of the sex of the owner in the advertisements of sale. The judgment of the trial court was in favor of the defendant, and that judgment was affirmed by the Supreme Court of the State. Touching the objections made to the proceedings the latter court said : " The act of 1884 makes the deed conclusive of the sufficiency of the assessment of the property sold under it. The question of the competency of this legislation in this respect has been before this court on repeated occasions. The argument now addressed to us against the constitutionality and interpretation of the act must be viewed as directed against a series of decisions of this court. To those decisions we must adhere." It was claimed in argument here that though no Federal question was directly raised in the trial in the state court, one was necessarily involved in the decision. *Held,* that this court had no jurisdiction to review the decision of the Supreme Court of the State.

THE case is stated in the opinion.

*Mr. William Winans Wall* for plaintiff in error.  *Mr. John Watt* was on his brief.

*Mr. J. Zach. Spearing* for defendant in error.  *Mr. Richard Henry Lea* and *Mr. Thomas H. Thorpe* filed a brief for same.

MR. JUSTICE WHITE delivered the opinion of the court.

The plaintiff in error, who was plaintiff in the trial court and appellant in the Supreme Court of Louisiana, prosecutes this writ of error to the judgment of the Supreme Court of Louisiana, affirming a decision of the trial court. The suit was commenced in the Civil District Court of the parish of

Orleans to recover a square of ground situated in the city of New Orleans, the proceeding being known under the Louisiana code as a petitory action. La. C. P., Art. 43 *et seq.* The petition alleged the ownership by the plaintiff of the square of ground, and averred that the defendant McConnico was in possession and claiming title thereto. It alleged that the source from which the defendant asserted his title to have been deraigned was a tax sale made by a state tax collector in November, 1885, to enforce delinquent state taxes for the years 1876, 1877 and 1878, at which sale Orloff Lake was the purchaser. It was averred that Lake sold the property, thus bought by him, in December, 1885, to one Lallance, who, in January, 1891, sold it to Lang; that he in turn sold, in February, 1892, to Fitzpatrick and Reese, each in equal undivided proportions, and that each of them in 1893 and 1894 respectively conveyed their undivided interest to the defendant McConnico. The petition charged that the tax sale, upon which the title of the defendant rested, was absolutely void, because, although the property belonged to the petitioner, whose name was Rafael Maria Del Castillo, the taxes thereon for the years 1876, 1877 and 1878, to enforce the payment of which the tax sale had been made, were assessed in the name of R. Castillo. It was also alleged that the tax sale was void because, in the advertisement which preceded it and which was made by the Louisiana law a prerequisite to a valid sale, the property was described as belonging to Rafael Maria Del Castillo, or her estate and heirs; that, as petitioner was a male person, the adding to the name the words " or her estate and heirs " caused the advertisement to be nothing worth and the sale thereunder to be null. The various acts of sale in the chain of title, from Lake, the purchaser, at the tax sale, to the defendant McConnico, were referred to in the petition, which prayed that not only the tax sale, but all these various transfers between the several parties, be declared to be void and the petitioner be recognized as the owner of the property and entitled to the possession thereof.

McConnico the defendant by answer asserted the validity of his title and called his vendor in warranty, who in turn by

answer became a defendant in the cause, set up the validity of his title and called his vendor in warranty, and so on down to and including Lallance, the transferee from Lake who bought at the tax sale. All the defendants who were called in warranty averred that they were purchasers in good faith for adequate value, one alleging that after contracting to buy the property from his vendor he became doubtful about the validity of the tax sale, and had declined to carry out his contract, and that in a suit brought against him to compel compliance, a final decree had passed between himself and his vendor adjudging the title to be valid and compelling him to become the purchaser under his agreement, the price paid being the full value of the property. Another of the defendants averred that after his purchase of the property, finding that it had been forfeited to the State of Louisiana for taxes due by Castillo subsequent to the years to enforce which the tax sale had been made, he had paid the sum of the taxes, and thus held the property, not only under the tax sale, but under the title which the State of Louisiana had acquired by forfeiting the property; and which enured to his benefit in consequence of his having made the redemption. One of the defendants, McConnico, specifically pleaded by way of exception the conclusive presumptions created by Act No. 82 of 1884, as debarring the court from considering the errors in the assessment and sale which were alleged in the petition. Two of the other defendants, reserving the defences set up in their respective answers, excepted on the ground of no cause of action. The Act No. 82 of 1884, which was necessarily pleaded by McConnico's exception, and the consideration of which was also presented by the exceptions of no cause of action filed by the two other defendants, was substantially as follows: It made it the duty of the tax collectors to advertise for sale at public auction "all property on which there remained unpaid taxes due to the State prior to December 31, 1879." It provided for thirty days' advertisement, and directed the tax collectors, where property was bought at a tax sale, to make a deed thereof to the purchaser, and the deed thus to be made, the statute said, "shall be *prima facie* evi-

dence of the following facts: 1st. That the property conveyed was subject to taxation; 2d. That none of the taxes for which said property was offered were paid, *and said deed shall be conclusive evidence* of the following facts: 1st. That the property was assessed according to law; 2d. That the taxes were levied according to law; 3d. That the property was advertised according to law; 4th. That the property was adjudicated and sold as stated in said deed; and, 5th. That all the prerequisites of the law were complied with by all the officers from the assessment up to and including the execution and registry of the deed to said purchaser; and duly certified copies of said deeds shall be full proof without further evidence of all contained therein." Louisiana Acts of 1884, p. 104.

The trial court heard the exceptions separately from the merits and overruled them. The case was subsequently tried and judgment was rendered in favor of the defendants rejecting the demand of the plaintiff. This judgment was, on appeal, affirmed by the Supreme Court of the State of Louisiana. *Castillo* v. *McConnico*, 47 La. Ann. 1473, 1475. The court in its opinion, which is a part of the record in this cause, *Egan* v. *Hart*, 165 U. S. 188, 189, after deciding that the tax sale in question was authorized by the state statute, said:

"It is argued on behalf of the plaintiff that the property was not properly assessed for taxes prior to 1879, because the assessment was in the name of R. Castillo instead of Rafael Maria Del Castillo. We are relieved of the necessity of passing on the question of the sufficiency of this assessment. The act of 1884 makes the deed conclusive of the sufficiency of the assessment of the property sold under it. The question of the competency of this legislation in this respect has been before this court on repeated occasions. The argument now addressed to us against the constitutionality and interpretation of the act must be viewed as directed against a series of decisions of this court. To those decisions we must adhere and hold the act precludes the inquiry. *In the matter of Orloff Lake*, 40 La. Ann. 142; *In re Douglas*, 41 La. Ann. 765; *Breaux* v. *Negrotto, Jr.*, 43 La. Ann. 426 *et seq.*"

Referring to the thirty days' advertisement which preceded the tax sale, the court said : "In this case the advertisement gave the full name of plaintiff, adding her estate or heirs. In our view the advertisement conformed to the requirement of the act."

The defendant in error asserts that we have no jurisdiction to review the decision of the state court because no Federal question appears by the record to have been raised either in the trial court or in the Supreme Court of Louisiana, and because no question of that nature was decided in either of these courts, or if a Federal controversy was passed upon by the Supreme Court of the State, the decree of that court is sufficiently sustained, apart from any Federal question which may have been referred to in the opinion. To the contrary, the plaintiff in error contends that a Federal question was necessarily involved in and was passed on by the decision below, and that the issue so determined was there duly presented for consideration. The first of these propositions is thus evolved. The defects asserted to exist in the tax assessment and sale were, it is claimed, so radical in their nature that they would, if they had been considered, have caused the assessment and sale to amount to a denial of due process of law under the Fourteenth Amendment to the Constitution of the United States. From this premise is deduced the conclusion that the action of the state Supreme Court in refusing to consider the proof as to the existence of the defects was equivalent to taking property without due process of law. In other words, the argument is that the decision below, in effect, held that by virtue of the presumption engendered by the Louisiana act of 1884, and arising from the tax collector's deed, the plaintiff was estopped from claiming his property, even although there had been no assessment and no sale at all. Whilst it is conceded that the Federal question which is thus asserted to be necessarily involved in and embraced by the decision of the Supreme Court of Louisiana, does not appear to have been raised on the record either in the trial court or the Supreme Court, this fact is claimed to be immaterial. The system of practice prevailing in Louisiana, it is

argued, rendered it impossible to place the Federal question on the record in the strict sense of the word, and caused it to be possible only to present such issue by means of the brief of counsel filed in the Supreme Court of the State before the hearing. This brief, duly certified by the clerk of the Supreme Court of the State of Louisiana, has been presented, and it is argued that, in view of the system of practice obtaining in the State of Louisiana, this court may look to the brief as a legitimate source of information, and *Stewart* v. *Kahn*, 11 Wall. 493, is relied on as supporting this proposition.

To decide the issue as to jurisdiction, we will at the outset ascertain whether a Federal question was necessarily involved in the decision of the state Supreme Court. Even though it be that a Federal controversy was decided, nevertheless if the questions of a purely state character, upon which the Supreme Court of Louisiana passed, are completely adequate to sustain the decree by that court rendered, wholly independent of the Federal question, it will result that no Federal issue is presented for review. *Egan* v. *Hart*, 165 U. S. 188, 191; *Powell* v. *Brunswick County*, 150 U. S. 433, 441, and authorities referred to in both of the foregoing cases. And if this conclusion be reached it will be unnecessary to consider whether, under the practice which prevails in Louisiana, the Federal question could have been presented in any other mode than by brief of counsel, and whether this fact would authorize this court to go beyond the technical record and look to such brief to aid in determining whether the Federal issue was duly set up and claimed.

Because the court below applied the statutory presumption of correctness arising from the tax collector's deed, and refused to consider the alleged defects in the assessment and sale, it does not follow that, if the presumption had not been applied and the alleged imperfections in the assessment had been given their full weight, want of due process of law would have resulted from maintaining the sufficiency of the assessment and from upholding the validity of the tax sale. It follows that, in order to ascertain whether a Federal question was necessarily involved in the decision of the lower court, we are com-

pelled to determine whether the vices asserted to exist in the assessment and sale were of such a nature as to cause the enforcement of the assessment and sale to deprive the plaintiff in error of his property without due process of law. The contention advanced in argument on this subject is much broader than the case justifies; thus it is said, the state statute directs that from a tax collector's deed a conclusive presumption of a previous assessment shall be deduced, hence the statute in terms is repugnant to the Fourteenth Amendment since it takes property under a tax sale, although no assessment whatever had ever been levied on the property so taken. But, as thus stated, the proposition presents a purely moot question. The plaintiff in error has no interest to assert that the statute is unconstitutional because it might be construed so as to cause it to violate the Constitution. His right is limited solely to the inquiry whether in the case which he presents the effect of applying the statute is to deprive him of his property without due process of law.

We come, then, to consider whether the alleged defects in the assessment and in the advertisement were of such a nature as to cause the enforcement of the one and the upholding of the other to so operate as to deprive the plaintiff of his property without due process of law. The error in the advertisement was that, although the publication gave the full name Rafael Maria Del Castillo, it was accompanied with the addition "or her estate and heirs," and the alleged defect in the assessment was that the property was assessed in the name of R. Castillo, when the real name of the owner was Rafael Maria Del Castillo. The decision of the state court that the advertisement was sufficient under the Louisiana statute involved purely a state question, which we accept and follow. Conceding that a sale to enforce taxes made without notice, actual or constructive, would be a want of due process of law, it is yet obvious that the publication for thirty days required by the state law was sufficient notice to constitute due process of law, and that the mere fact that there was affixed to the name inserted in the advertisement the words "or her estate and heirs" did not destroy the efficacy of the advertisement, and

did not cause it to be, in legal contemplation, no notice whatever. The contrary proposition could only be supported upon the theory that, although a complete description of the property and the full name of the owner were inserted in the advertisement, the mere addition of the words referred to were so calculated to deceive and mislead as to render the notice legally inoperative. But such assumption would be to the last degree technical and unreasonable, and cannot be indulged in.

We dismiss, then, from view the alleged defects in the advertisement, and will consider the assessment. In doing. so we will take notice of, and give full effect to, the fact that the name placed on the assessment roll was R. Castillo instead of Rafael Maria Del Castillo, which was the full name of the owner of the property assessed. Although the law of Louisiana under which the assessments in. question were made provided for the placing of the.name of the owner on the assessment roll where such name was known, it also directed that the property assessed should be described in the assessment roll. The statutes, moreover, expressly fixed a time when the assessment rolls should be exposed for examination and correction, and furnished ample opportunity, not only for revision as to valuation, but also for judicial correction of any legal error which might be asserted to exist in the assessment. The notice required by the statute to be given of the opening of the assessment rolls for inspection and revision was not addressed to each particular person assessed, but was afforded by a general publication, calling upon all persons having property subject to taxation to come forward and ask for such correction as they desired to have made. Louisiana Acts, Extra Session of 1877, pp. 154, 155; Louisiana Acts of 1871, p. 118. Beyond peradventure, this statute afforded both constructive and actual notice of the making of the assessment, and ample opportunity to any property owner to correct or resist the same if he deemed himself injured thereby. It cannot be doubted that in the exercise of its taxing power the State of Louisiana could have directed that the property subject to its taxing authority should be assessed without any

reference whatever to the name of the owner, that is to say, by any such description and method as would have been legally adequate to convey either actual or constructive notice to the owner. As said in *Witherspoon* v. *Duncan*, 4 Wall. 210, 217, " It is not the province of this court to interfere with the policy of the revenue laws of the States, nor with the interpretation given to them by their courts. Arkansas has the right to determine the manner of levying and collecting taxes, and can declare that the particular tract of land shall be chargeable with the taxes, no matter who is the owner, or in whose name it is assessed and advertised, and that an erroneous assessment does not vitiate a sale for taxes."

The claim, then, is that the assessment in question did not constitute due process of law within the Fourteenth Amendment because of error in the name of the owner, although the assessment would have been due process if under the state law it had not been required to mention the name of the owner, that is to say, that the assessment is repugnant to the Constitution of the United States, because of the lesser when it would not have been in conflict with the Constitution for the greater omission. This deduction demonstrates the error of the proposition relied on, and it cannot be escaped by saying that although the State had the power, without violating due process of law, to dispense with the name, nevertheless where the state statute has directed the use of a name in making an assessment, a defective giving thereof renders the assessment wholly void and a want of due process of law. This argument is answered by *Williams* v. *Supervisors of Albany*, 122 U. S. 154, 164, where, in considering the power of a State as to the assessment and collection of taxes, speaking through Mr. Justice Field, it was said:

" The mode in which the property shall be appraised, by whom its appraisement shall be made, the time within which it shall be done, what certificate of their action shall be furnished, and when parties shall be heard for the correction of errors, are matters resting in its discretion. Where directions upon the subject might originally have been dispensed with, or executed at another time, irregularities arising from

neglect to follow them may be remedied by the legislature, unless its action in this respect is restrained by constitutional provisions - prohibiting retrospective legislation. It is only necessary, therefore, in any case to consider whether the assessment could have been ordered originally without requiring the proceedings, the omission or defective performance of which is complained of, or without requiring them within the time designated. If they were not essential to any valid assessment, and therefore might have been omitted or performed at another time, their omission or defective performance may be cured by the same authority which directed them, provided, always, that intervening rights are not impaired."

The vice which underlies the entire argument of the plaintiff in error arises from a failure to distinguish between the essentials of due process of law under the Fourteenth Amendment, and matters which may or may not be essential under the terms of a state assessing or taxing law. The two are neither correlative or coterminous. The first, due process of law, must be found in the state statute, and cannot be departed from without violating the Constitution of the United States. The other depends on the lawmaking power of the State, and as it is solely the result of such authority may vary or change as the legislative will of the State sees fit to ordain. It follows that, to determine the existence of the one, due process of law, is the final province of this court, whilst the ascertainment of the other, that is, what is merely essential under the state statute, is a state question within the final jurisdiction of courts of last resort of the several States. When, then, a state court decides that a particular formality was or was not essential under the state statute, such decision presents no Federal question, providing always the statute as thus construed does not violate the Constitution of the United States, by depriving of property without due process of law. This paramount requirement being fulfilled, as to other matters the state interpretation of its own law is controlling and decisive. This distinction is pointed out by the decisions of this court. *Pittsburg, Cincinnati &c. Railway* v. *Backus,*

154 U. S. 421.; *Kentucky Railroad Tax cases*, 115 U. S. 321; *Davidson* v. *New Orleans*, 96 U. S. 97.

Bearing the foregoing elementary principle in mind, we will briefly notice the adjudicated cases upon which the plaintiff in error relies.

The authorities referred to tending to establish that where the law requires an assessment to contain the name, the omission of the name renders the assessment void, are inapposite to the question under consideration. We are not here concerned with the meaning of the Louisiana statutes, or whether we would hold as an original proposition, were we construing them, that a defect in the name of the person assessed would not be a material variance. The Supreme Court of the State of Louisiana has construed the statutes of that State otherwise. The issue which we are to determine is not what interpretation should be given to the statutes of the State of Louisiana, but whether, accepting the meaning affixed to the statutes of that State by the court of last resort of the State, their provisions as so interpreted are repugnant to the Constitution of the United States, because not affording due process of law. The previous adjudications of the Supreme Court of Louisiana referred to by that court in its opinion and upon which it rested its decree in this case, in effect hold that under the Louisiana law a mistake in the name did not render the assessment void, and therefore that the conclusive presumption engendered by the Louisiana act of 1884 was not intended to, and did not make valid a wholly void assessment. Because in a case decided subsequently to the one now under review the Supreme Court of the State of Louisiana has held that an assessment in the name of a person deceased rendered such assessment wholly void, it does not follow that the court thereby departed from the ruling which it had made in this case, and which had been by it rested upon a line of decisions declared by it to have conclusively settled the law of Louisiana on the subject, and which, in effect, it announced had become a rule of property in that State. The case of *Marx* v. *Hanthorn*, 148 U. S. 172, in no way conflicts with the foregoing considerations. That case came to

this court on appeal from a Circuit Court of the United States, and its decision involved ascertaining the meaning of the tax laws of the State as interpreted by the court of last resort thereof. In performing this duty the court adopted and followed the construction given to the tax laws of the State by the Supreme Court of the State whence the case came.

There is a claim asserted in argument that as a particular section of the act of 1884 provided that the sum of the bid at a tax sale should be paid into the state treasury, therefore it is clearly unconstitutional, since, in a case where the bid exceeded the taxes, the surplus money of the owner would go into the state treasury without provision for its repayment. But this is a mere abstract contention, since the fact is that the sum bid at the tax sale in question was less than the amount of the taxes assessed against the property.

*Dismissed for want of jurisdiction.*