[Crim. No. 2931.  Second Appellate District, Division One—March 2, 1937.]

THE PEOPLE, Respondent, v. GUS BOWLIN, Appellant.

Joseph W. Ryan for Appellant.

U. S. Webb, Attorney-General, and Walter'L. Bowers, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—Following defendant's conviction by the trial court, sitting without a jury, on each of two charges, to wit, those which are commonly known as "drunk driving" and "hit-and-run", the court denied defendant's motion for a new trial, but granted his subsequent application for probation; whereupon defendant appealed from the order by which his motion for a new trial was denied.

Appellant presents neither argument nor authority with relation to his conviction on the charge of "drunk driving", but confines his efforts on this appeal to the sole point that the trial court erred in refusing to grant a new trial. In that regard, his first contention is that the statute under the terms of which he was convicted on the "hit-and-run" charge is unconstitutional, in that it purports to deprive defendant of his liberty "without due process of law"; and consequently, that it is violative of section 13 of article I of the state Constitution.

In support of such contention, appellant directs attention to the fact that nowhere in the statute (sec. 480, Vehicle Code), does it appear that before one may legally be convicted of the offense, it must affirmatively appear that the defendant had knowledge of the fact that the automobile which he was driving had collided with another automobile and that by reason thereof someone either was or might be in need of assistance. But for many years last past, it has

been consistently ruled by the appellate tribunals of this state that notwithstanding the absence of express words in the statute, ''the element of knowledge of the fact of the collision is necessarily to be implied from the requirements of the act'' (syllabus, *People* v. *Fodera,* 33 Cal. App. 8 [164 Pac. 22]; *People* v. *Graves,* 74 Cal. App. 415 [240 Pac. 1019]); from which it follows that appellant's contention in that regard cannot be successfully maintained.

Appellant next devotes his efforts to an attempt to show that because the statute provides that ''the driver of any vehicle *involved* in an accident resulting in injury to or death of any person'' shall immediately stop his vehicle, etc., —it is ''indefinite'', and thus ''deprives a defendant of his rights''. In that connection his plaint is not that he was not ''involved'' in the accident out of which his prosecution arose, but that if the word ''involved'' be given its fullest and broadest construction, ''the driver of an automobile on a public highway, (who) by his mere presence thereon, may have unknowingly and unconsciously, without any neglect or criminal intent upon his part, caused or brought about a collision or injury to occupants of another car, with a third car'', may be subjected to prosecution.

Although granting that such a situation might arise, it is apparent that the determinative question that would ensue thereon would relate not to the validity of the statute, but to a decision by the trial court regarding the intent with which the word ''involved'' was used by the legislature in the enactment of the statute; in other words, what construction should be placed on the word ''involved''. Moreover, the evidence that was educed in the instant case establishes the fact that a determination herein of the meaning of the word ''involved'' is wholly unnecessary. On the trial of the action, the principal and deciding issues were, first, whether defendant's automobile collided with that of the complaining witness; and secondly, assuming the fact that such a collision did occur, did defendant immediately stop his automobile and render or offer to render the assistance, etc., specified in the statute. It therefore is clear that appellant is needlessly concerned about the possible construction that may be placed upon the word to which he has directed the

attention of this court; and in such circumstances the· authorities are numerous to the effect that even though his point may be meritorious, he is in no position to raise it, much less to require an appellate tribunal to pass its judgment with respect thereto. (6 R. C. L. 89; *Castillo* v. *McConnico*, 168 U. S. 674, 680 [18 Sup. Ct. 229, 42 L. Ed. 622]; *Ramish* v. *Hartwell*, 126 Cal. 443, 451 [58 Pac. 920]; *Max Factor & Co.* v. *Kunsman*, 5 Cal. (2d) 446 [55· Pac. (2d) 177]; *People* v. *Rogers*, 112 Cal. App. 615 [297 Pac. 924]; *Ex parte Durand*, 6 Cal. App. (2d) 69 [44 Pac. (2d) 367]; *Day* v. *Metropolitan Life Ins. Co.*, 11 Cal. App. (2d) 681 [54 Pac. (2d) 502].)

Finally, appellant insists that the evidence was insufficient to sustain the judgment. In that regard, without here attempting to set forth in detail the various items of testimony and other evidence that tended to establish the guilt of defendant, it may suffice to state generally that although not presented by the witnesses in the most satisfactory manner, nor of the best quality, the testimony that was given not only by the prosecuting witness, but also by a man who was riding with the prosecuting witness in his automobile at the time when the accident occurred, was to the effect that, while being driven by defendant, his truck "side-swiped" the automobile that was then and there being driven by the complaining witness; that, judging from the entire evidence in the case, defendant knew that the accident had occurred; and that upon its occurrence, he failed to immediately stop his truck and thereupon to comply with the provisions of the statute which relate to the rendering of assistance to any person who was injured as the result of the collision.

It follows that the order should be affirmed. It is so ordered.

York, J., and Doran, J., concurred.