142 Cal.App.2d 494 (1956)
CITY AND COUNTY OF SAN FRANCISCO, Petitioner,
v.
INDUSTRIAL ACCIDENT COMMISSION and HELEN BAMFORD, Respondents.
Civ. No. 16965. 
California Court of Appeals. First Dist., Div. One. 
June 25, 1956.
 Dion R. Holm, City Attorney, and Patrick R. Kelly, Deputy City Attorney, for Petitioner.
 Everett A. Corten and Daniel C. Murphy for Respondents.
 WOOD (Fred B.), J.
 The main question upon this review of a decision of the Industrial Accident Commission which awarded benefits to the widow of a member of petitioner's fire department, involves the applicability of the disputable presumption that in the case of a member of such a department "heart trouble which develops or manifests itself during the period while such member is in the service of" such department "shall be presumed to arise out of and in the course of the employment. This presumption is disputable and may be controverted by other evidence, but unless so controverted, the commission is bound to find in accordance with it." (Lab. Code, 3212.)
 The decedent was employed as a fireman commencing October 1, 1947. He served as a hoseman until April 22, 1952, when he was assigned to the arson squad. His superior officer testified that his duties in the latter capacity consisted of a day shift from 8 a. m. to 5 p. m., assigned to a desk, and included the typing and filing of daily records of fires, duties which continued until the commencement of his vacation on December 9, 1953, "with the exception of 15 to 18 weeks during the year when he would be called upon to relieve men with field duties who were on vacation. The field duties involved around-the-clock outside investigation of fires. It is only on rare occasions that an outside arson investigator *497 goes into a fire during the blaze or the conflagration. I couldn't say whether or not Mr. Bamford [the deceased employee] investigated any fires during the 15 or 18 weeks while he was on vacation relief which might have caused him any exposure to smoke or fumes."
 The employee suffered a heart attack and died on December 30, 1953, the day immediately following the end of his vacation.
 The referee summarized the widow's testimony, in part, as follows: "She testified in this connection that his duties [as arson inspector] were to answer all two-alarm fires and inspect during the progress of the fire to determine, if possible, what the cause might have been, that this necessitated his going in the buildings and that this work caused him to complain of burning in his throat. He complained of being 'full of smoke'; complained of severe pain, particularly on severe coughing which followed performance of such duties. Testified that he had paroxysms of coughing; testified that for possibly two years prior to his passing on, 12-30- 53[,] [h]e had frequently complained of severe pains substernally and would frequently tap his upper sternal area with his fingers, that he would stay up late at nights sitting in the chair, he having told her that this was more comfortable."
 There was only one medical witness, a doctor who was of the opinion that the heart ailment which caused death arose out of and in the course of the employment, based upon the coroner's report, certain hospital records, and information given by the widow, which the doctor indicated was substantially the same as the widow's testimony upon the stand.
 The referee found that "the employee's activities exposed him to excessive smoke which he inhaled which produced paroxysmal coughing attacks with resultant strain to the applicant's [employee's] heart and circulatory system resulting in the employee's death on December 30, 1953, from the cause above stated," coronary arteriosclerosis with intramural hemorrhage and thrombosis of right coronary artery. This finding was challenged by the employer upon petition for reconsideration upon the asserted grounds that from April 22, 1952, decedent had no fire fighting duties, was not exposed to smoke for more than 20 months prior to his death and had not been working for three weeks, having been on vacation; and that the medical expert's opinion was based on the widow's testimony concerning exposure to smoke, that testimony being "colored by self-interest." *498
 In recommending denial of that petition the referee gave the following as his reasons for crediting the testimony of the widow: "Which is entitled to receive the greater weight--the recitations to the widow by the employee during his lifetime of the physical reactions on him of the conditions of his employment, which repetition forms the basis for the testimony of Dr. Elise Rose, or whether a greater weight is to be given to the statement affidavit of the employee's superior officer. This Referee recognized this dilemma prior to the issuance of the decision and reconciled it in favor of compensability. The record discloses that the deceased had served in many capacities with the City & County of San Francisco. These had been as fireman and arson inspector, and the widow's testimony as to the inhalation of smoke in the performance of these duties as given to her by him during his lifetime, this Referee felt to be entitled to greater weight than the report of the employee's superior officer. There can be no question but that ... [the employee's superior officer] devoted himself to his work, but he undoubtedly had too many men under him to be accurately acquainted with the various facets of their activities."
 In a memorandum filed with its order denying reconsideration, the commission stated (1) the presumption declared by section 3212 was applicable and that no medical evidence to rebut the presumption had been adduced, (2) that the commission gave greater weight to the testimony of the widow than to that of the superior officer; and that accordingly, with or without the statutory presumption the case must be resolved in favor of the applicant.
 [1] We deem the statutory presumption clearly applicable. No one doubts that the employee was a "member of the fire department" at the time of the heart attack. We think, also, he was "in the service of such department" at that time. The fact that the employee had just completed his vacation and had not yet reported back on the job does not convince us that the seizure occurred during a break in "service"; no more than if it had happened after hours or upon a day off. It would not be reasonable to ascribe to the Legislature an intent to limit the expression "during a period while such member is in the service of such department" to the times when a person is actually at work in such service, especially in view of the fact that until 1945 the statute said "in actual service in such department" when the Legislature amended it to read "in the service of such department." (Stats. 1945, ch. 742, p. 1428.) *499
 [2] Nor do we deem the fact that this employee's major assignment was office work removed him from the purview of the statute. He was not chained to his desk. He was subject to assignment to more strenuous tasks, evidenced by the very fact of his vacation relief work, 15 to 18 weeks a year, investigating the causes of fires, work which the trier of the facts found (upon evidence it weighed and deemed worthy of belief) exposed him to the smoke and fumes of fires. Indeed, the petitioner's evidence did not really controvert that evidence, for the employee's superior officer recognized that upon occasion (albeit rarely, he said) the vacation relief work required the employee to go into a fire during the conflagration, and disavowed any knowledge whether or not the employee while on vacation relief visited any fires which might have exposed him to smoke or fumes.
 [3] Certainly the statute does not require a member's assignment in the department to be exclusively, or even in major part, of a nature that exposes him to fire, smoke, fumes and other hazards which attend the actual work of firefighting or of investigating a fire while it is in progress. In this view we are aided by the fact that the statute makes such a distinction in respect to some other types of service. Thus, members of the warden service bureau of the State Division of Fish and Game (now Wildlife Protection Branch of the Department of Fish and Game) have the benefit of the presumption only if their "principal duties consist of active law enforcement service, excepting those whose principal duties are clerical or otherwise do not clearly fall within the scope of active law enforcement service such as stenographer, telephone operators, and other office workers. ..." Somewhat similar is the limitation to State Forestry Division members: they must be "active fire fighting members" of the division and their duties must "require fire fighting." We may reasonably infer from the failure to impose any such limitation upon members of local fire departments that no such limitations were intended in respect to them; at least, no limitations that would adversely affect a member of a city and county fire department who had the employment history and the duties that the decedent had. [fn. *] Accordingly, the *500 statutory presumption not having been controverted, the commission correctly concluded that it was bound to find in accordance with the presumption.
 [4] During oral argument, in this review proceeding, petitioner for the first time questioned the constitutionality of section 3212 of the Labor Code. The respondent commission contends that petitioner had waived this point, not having presented it in the proceeding below. We are not inclined to agree that there was thereby a waiver. The referee did not originally predicate his findings upon the statutory presumption. The commission did not make use of it until it denied the employer's petition for reconsideration. Therefore, the employer was not presented with the problem of presenting or waiving this point in the proceeding below. Nor do we hold that the omission of this point from the petition for review bars this court from considering it when later presented during the pendency of the review proceeding. (See Healy v. Industrial Acc. Com., 41 Cal.2d 118, 120 [258 P.2d 1].)
 [5] Petitioner argues that "the inclusion of firemen whose chief duties are office work, clerical and stenographic along with firemen who engage in actual fire fighting is an unreasonable classification." We do not so view it as applied to the facts of this case, a fireman who is assigned 15 to 18 weeks a year to 24-hour duty investigating fires, potentially exposed to smoke and fumes when conducting such investigations. The decedent may have been so exposed less frequently than during the four and one-half years he served as a hoseman, but the exposures during the latter period may have been equally potent in inducing or aggravating a heart ailment. However, the relative frequencies and degrees of exposure do not impress us as significant differentiating factors in this type of legislation. In either case there is a rational evidentiary relationship.
 We must bear in mind the fact that this statute was enacted by the Legislature in the exercise of "plenary power" vested in it, "unlimited by any provision of this Constitution, to create, and enforce a complete system of workmen's compensation" and that "A complete system of workmen's compensation includes ... full provision for vesting power, authority and jurisdiction in an administrative body ... to determine any dispute or matter arising under such legislation"; also that the Legislature is "vested with plenary power to provide for the settlement of any [such] disputes ... by *501 an industrial accident commission ... and may fix and control the method and manner of trial of such disputes" and "the rules of evidence ..." (Cal. Const., art. XX, 21.) [6] Furthermore, the disputable presumption here involved applies to public agencies and public employees. In that area, conceivably, the Legislature has greater latitude, in furtherance of "the social public policy of this state" declared by section 21 of article XX than it might have as between private employers and employees.
 Petitioner makes the added argument that section 3212 is unconstitutional if it applies to members of a fire department who have solely office duties and are never exposed to the hazards of a fire and that the expression "member of the fire department" is too indefinite and ambiguous to interpret and apply. In furtherance of this argument petitioner presents several hypothetical situations in which it claims there would be no rational basis for the presumption. The answer is that those situations are not here involved and the petitioner is limited in its attack to the factual situation now before this court. (Max Factor & Co. v. Kunsman, 5 Cal.2d 446, 468 [55 P.2d 177]; Wholesale Tobacco Dealers Bureau v. National etc. Co., 11 Cal.2d 634, 661 [82 P.2d 3, 118 A.L.R. 486]; Ferrente v. Fish & Game Com., 29 Cal.2d 365, 373 [175 P.2d 222]; People v. Bowlin, 19 Cal.App.2d 397, 399-400 [65 P.2d 840]; Estate of Monks, 48 Cal.App.2d 603, 614 [120 P.2d 167].) For example, the record before us does not indicate whether respondent's fire department, or any other local fire department, has or ever had employees not subject to assignment to hazardous duties, nor does this record present other data pertinent for consideration in ascertaining whether the Legislature intended to include such employees when it used the expressions "members of ... fire departments" and "in the service of such ... department." It will be time enough to consider such a question if and when such an employee, or his dependent, invokes the disputable presumption declared in section 3212. We entertain no doubt concerning the constitutionality of section 3212 in its application to the facts of this case.
 In view of this conclusion it is unnecessary to consider whether, irrespective of the statutory presumption, the evidence supports the findings and award. [7] In passing, we note that hearsay testimony may support a decision of the commission. (Lab. Code, 5708 and 5709; State Comp. *502 Ins. Fund v. Industrial Acc. Com., 195 Cal. 174 [231 P. 996]; London Guar. & Acc. Co., Ltd. v. Industrial Acc. Com., 203 Cal. 12 [263 P. 196]; Independence Indem. Co. v. Industrial Acc. Com., 2 Cal.2d 397, 410 [41 P.2d 320]; Sada v. Industrial Acc. Com., 11 Cal.2d 263 [78 P.2d 1127]; French v. Rishell, 40 Cal.2d 477 [254 P.2d 26]; 27 Cal.Jur. 478-481, 148 and 149.)
 The award is affirmed.
 Peters, P. J., and Bray, J., concurred.
NOTES
[fn. *] *. This is not to say that a person working in a fire department at a clerical job, qualified only to do office work and subject to assignment to do office work only (not fire-fighting or fire-investigating or other work of a hazardous character) might not also be "in the service" of the department within the meaning of section 3212. But that is not our case.