[L. A. No. 22605.   In Bank.   May 28, 1953.]

EDWARD J. HEALY, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION and CITY OF LOS ANGELES,
Respondents.

Riedman & Silverberg and Milton H. Silverberg for Petitioner.

T. Groezinger, Edmund J. Thomas, Jr., Edward A. McDonald, Ray L. Chesebro, City Attorney, Bourke Jones and John J. Tully, Jr., Assistant City Attorneys, Edwin F. Shinn and Weldon L. Weber, Deputy City Attorneys, for Respondents.

GIBSON, C. J.—Petitioner, Edward Healy, seeks review of an order of the Industrial Accident Commission awarding him workmen's compensation benefits for injuries sustained in the course of his employment as a police officer of the city of Los Angeles. He complains that credits were improperly allowed the city and that he should have been reimbursed for self-obtained medical care.

Healy was seriously injured when the automobile which he was operating collided with a car driven by Albert Becker. The city, which is permissibly uninsured (Lab. Code, § 3700), furnished Healy with hospitalization and medical treatment, and he obtained other medical care on his own initiative. He was paid full salary for two years after the accident. He was then retired for disability, and the city commenced to pay him a pension of $283.50 a month. Healy recovered a judgment against Becker under which he received $2,750,

and out of this amount he paid $750 to his attorney. On application to the Industrial Accident Commission he was awarded, insofar as relevant here, $7,200 for permanent disability and $18.46 a week for life. The city was allowed credit against this award for the monthly pension payments of $283.50 and for the sum of $2,750 which Healy received under the Becker judgment.

Healy filed a petition for review in the District Court of Appeal which alleged that the award was erroneous and requested leave to file an amendment setting forth the grounds relied upon for review. Leave was granted, and the amendment was filed more than 30 days after the award was made. Thereafter the District Court of Appeal denied the petition, and a hearing was granted by this court. ■ The petition, which was filed within 30 days as required by section 5950 of the Labor Code, was sufficient to confer jurisdiction, and the court had power to permit amendment. (*Cf. Wennerholm v. Stanford Univ. Sch. of Med.*, 20 Cal.2d 713, 718 [128 P.2d 522, 141 A.L.R. 1358].)

■ The commission properly determined that the employer was entitled to credit for the full amount which Healy received under the Becker judgment, without deduction for the fee which Healy paid his attorney in that suit. (See Lab. Code, §§ 3856, 3858, 3861; *cf. Dodds v. Stellar,* 30 Cal.2d 496, 502-506 [183 P.2d 658].) The judgment was rendered prior to 1949 when the Labor Code sections just cited were amended to provide for the deduction of a reasonable attorney's fee, and the amendments may not be construed retroactively so as to entitle Healy to credit for the cost of legal services. (See *Record v. Indemnity Ins. Co.*, 103 Cal.App.2d 434, 438-444 [229 P.2d 851].)

■ There is no merit in Healy's claim that the commission erred in failing to allow him reimbursement for medical care he procured for himself without authorization from the city. Immediately after the happening of the accident petitioner was hospitalized by the city and furnished with medical and surgical treatment. During a period of several years thereafter the city referred him to 13 different specialists and made the staff and facilities of the hospital available to him. In addition, petitioner consulted four other physicians without authorization from the city and the commission refused to allow reimbursement for the cost of their services. An employee may make his own selection of a physician at the expense of the employer only where the latter has neglected

or refused to furnish the necessary medical care. (*Leadbettor v. Industrial Acc. Com.*, 179 Cal. 468, 470 [177 P. 449]; *Myers v. Industrial Acc. Com.*, 191 Cal. 673, 678 [218 P. 11]; see *Union Iron Works v. Industrial Acc. Com.*, 190 Cal. 33, 40 et seq. [210 P. 410].) The evidence establishes that Healy was never refused necessary medical treatment.

The principal question raised in this proceeding is whether it was proper for the commission to allow the city credit for the pension payments made to Healy. Section 4909 of the Labor Code* provides that any payment, allowance or compensation received by an injured employee during the period of his incapacity and not then due and payable under the Workmen's Compensation Act may be taken into account by the commission in fixing the amount of compensation to be paid. Section 3751,† however, prohibits an employer from directly or indirectly taking any contribution from the earnings of an employee to cover any part of the cost of compensation, and Healy claims he was required to contribute to the fund out of which his pension was paid and that as a result of the allowance of the credit he was in effect forced to pay a part of the cost of his compensation.

■■ The city is an employer within the meaning of the Workmen's Compensation Act (Lab. Code, § 3300), and the commission, before allowing the city credit for pension payments, should have determined whether Healy would thereby be compelled to contribute to the cost of his compensation. (Lab. Code, §§ 5300, 5301.) The commission declined to make any inquiry into this matter on the theory that it was precluded from doing so by section 182½ of the city charter, which provides that if an employee who is entitled to a pension because of injury is granted workmen's compensation

*Labor Code, section 4909, provides: ''Any payment, allowance, or benefit received by the injured employee during the period of his incapacity, or by his dependents in the event of his death, which by the terms of this division was not then due and payable or when there is any dispute or question concerning the right to compensation, shall not, in the absence of any agreement, be an admission of liability for compensation on the part of the employer, but any such payment, allowance, or benefit may be taken into account by the commission in fixing the amount of the compensation to be paid. The acceptance of any such payment, allowance, or benefit shall not operate as a waiver of any right or claim which the employee or his dependents has against the employer.''

†Labor Code, section 3751, provides: ''No employer shall exact or receive from any employee any contribution, or make or take any deduction from the earnings of any employee either directly or indirectly, to cover the whole or any part of the cost of compensation under this division. Violation of this section is a misdemeanor.''

under general law, then his pension shall be construed as such compensation and shall be applied in payment of the award. ██ If, however, there is any conflict between charter provisions and the compensation sections of the Labor Code, the latter must prevail. ██ Under power expressly granted to it by the Constitution, the Legislature has established a complete system of workmen's compensation which obviously is a subject of state-wide concern, and it is well settled that in such matters the general law is paramount. (See *Eastlick v. City of Los Angeles*, 29 Cal.2d 661, 665-666, 668 [177 P.2d 558, 170 A.L.R. 225].) Accordingly, the validity of the credit given the city depends upon whether Healy contributed to the pension for which the credit was allowed and whether as a result of the credit he was required, directly or indirectly, to pay part of the cost of his compensation in violation of section 3751.

██ The city claims that Healy did not in fact contribute to the pension fund and that, in any event, the pension he received was actually paid solely out of tax money. The record, however, does not disclose the practice followed by the city in operating the pension system, and factual questions may be involved with respect to the making and allocation of employees' contributions and the manner in which the pension fund was administered. In the absence of evidence and findings on these matters, we should not attempt to pass upon the city's claim that Healy did not contribute to the pension which he received.

The award is affirmed except as to the portion allowing the city credit for disability pension payments, and as to that issue the award is annulled and the proceeding is remanded to the commission.

Shenk, J., Carter, J., and Schauer, J., concurred.