[Sac. No. 6369.   In Bank.   June 12, 1953.]

MARGARET LYONS, Appellant, v. A. O. HOOVER, as Controller, etc., Respondent.

James H. Phillips, Archibald D. McDougall and Richard J. Lawrence for Appellant.

Anthony J. Kennedy and Everett M. Glenn for Respondent.

GIBSON, C. J.—Plaintiff, the widow of a former employee of the city of Sacramento, sought a writ of mandate to compel Hoover, the city controller, to draw warrants to cover sums which the retirement board of the city found had been erro-

neously withheld from her monthly pension. She has appealed from a judgment denying her petition.

Plaintiff's husband had been a member of the fire department and was retired on a disability pension, and after his death she was granted a widow's pension of $75 per month. The Industrial Accident Commission awarded plaintiff and her three minor children $5,910.71 as a disability and death benefit under the workmen's compensation law. The city contributes to the retirement system and the charter provides that compensation payments shall be a deductible credit against that part of the pension allowance which is provided by contributions of the city. The city council adopted a resolution which ordered that plaintiff's pension be reduced by the sum of $71.31 per month until the amount withheld should equal the total of the compensation award. This deduction represented the portion of plaintiff's pension which was furnished by the city's contributions to the retirement system. On June 30, 1943, the retirement board reduced plaintiff's monthly pension in accordance with the resolution of the city council.

Some time thereafter plaintiff requested the retirement board to recompute her pension allowance, pointing out that section 4703 of the Labor Code provides that the compensation award should be divided equally among her three minor children and herself, and that only one-fourth of the award belonged to her. She claimed that, for this reason, only her share of the award should be deducted from her pension allowance. The board concluded that plaintiff's position was correct, and in February 1948, it ordered that she be given a refund of $2,481.87, the amount withheld in excess of one-fourth of the award, and directed that thereafter she be paid a pension allowance of $75 a month without further deductions.

The board directed the controller to draw warrants in accordance with its conclusion, and he refused upon the grounds that the determination of the board was in conflict with the resolution of the city council authorizing deductions from plaintiff's pension payments until the full amount of the compensation award was withheld, that it was contrary to the action taken by the board on June 30, 1943, and that it was in violation of the city charter.

The city council is authorized to fix the manner in which pension allowances may be reduced by the amount of compensation benefits payable on account of the death of

148

an employee. (Sacramento City Charter, § 173(j), Stats. 1941, pp. 310, 315.) The management of the pension system, however, is vested in the retirement board, and the charter provides that the board shall be the sole authority and judge, under such general ordinances as may be adopted by the city council, to determine when members may receive and may continue to receive benefits of any sort under the retirement system. (Sacramento City Charter, § 168, Stats. 1935, p. 2512.) Accordingly, while the city council may control the board's activities by general ordinances, it is the function of the board to act in individual cases. It follows that the action of the council, which purported to determine the total amount of deductions which should be made from plaintiff's pension, was not binding on the retirement board. ██ The board is also vested with the power to revise its determination with respect to the total deductions to be made from plaintiff's pension. It is authorized to fix and modify allowances for service and disability benefits (Sacramento Ordinance 644, § 7(d)), and since it has continuing jurisdiction over pension allowances, it had the right to correct any error which it may have made in its original order.

██ We must look to the provisions of the charter in order to determine whether the board properly concluded that the deductions from plaintiff's pension should be limited to an amount equal to her share of the compensation award. City employees are members of the retirement system, and subsection (j) of section 173 of the charter provides: ''That portion of any allowance payable because of the death or retirement of any such employee which is provided by contributions of the City shall be reduced, in the manner fixed by the City Council, by the amount of any benefits payable to or on account of such person, under the Workmen's Compensation, Insurance and Safety Law of the State of California. It is the express intent that payments under said Workmen's Compensation, Insurance and Safety Law shall be a deductible credit against any allowance under the Retirement System which is provided by contributions of the City payable to or on account of the death of any such person; that double payments, in whole or in part, at the expense of the taxpayers, shall not be permitted.''

It is clear that if a widow receives all of a compensation award, the portion of her pension allowances provided by the city's contributions can be reduced until the sums with-

held equal the total amount of the award.* Where, however, a widow receives only part of the award, the critical question is whether the city may take from her pension the amount of compensation payments made to third persons. The charter provides that a pension may be reduced by the amount of any compensation benefits payable on account of the death of an employee and declares that it is the intent that payments under the workmen's compensation law shall be a deductible credit against any allowance under the retirement system. This provision might be construed as contemplating a deduction from a widow's pension of the total amount of an award made to her and third persons, but it also may reasonably be construed as authorizing a deduction from her pension of only such compensation payments as she is entitled to receive. ■ The further statement that double payments shall not be permitted may likewise be reasonably construed as prohibiting duplicate payment of a pension allowance and compensation benefits to the same person, but not as requiring deduction from one person's pension of compensation benefits awarded to others.

■ The charter must, of course, be liberally construed in order to carry out the beneficial purposes of the pension provisions. (See *McKeag* v. *Board of Pension Commrs.*, 21 Cal.2d 386, 390 [132 P.2d 198].) ■ When the charter is so interpreted, it follows that the retirement board was correct in concluding that the amount which could properly be deducted from plaintiff's pension was limited to her share of the compensation award.

The judgment is reversed, and the cause is remanded to the trial court with instructions to enter judgment in accordance with the views expressed herein.

Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

---

*Inasmuch as the deductions are to be made from the portion of the pension allowance which is provided by contributions of the city, there is no claim that such deductions could result in charging the employee with part of the cost of workmen's compensation in violation of section 3751 of the Labor Code. (See *Healy* v. *Industrial Acc. Com.*, *ante*, p. 118 [258 P.2d 1].)