[Civ. No. 24168.   First Dist., Div. Two.   Jan. 22, 1968.]

MARIE BELLE BARNETT et al., Plaintiffs and Respondents, v. ALAN A. BRIZEE, as Auditor-Controller, etc., et al., Defendants and Appellants.

Hilton J. Melby and Edward A. Goggin, City Attorneys, George M. Cahalan, Assistant City Attorney, and Mark B. Shragge, Deputy City Attorney, for Defendants and Appellants.

Carroll, Davis, Burdick & McDonough and Philip Paul Bowe for Plaintiffs and Respondents.

TAYLOR, J.—The City of Oakland (hereafter Oakland) and its auditor-controller (hereafter controller) appeal from a judgment declaring that respondent Marie Belle Barnett (hereafter Mrs. Barnett), the widow of a retired fireman, was entitled to a retirement allowance without the deduction of the amount of the workmen's compensation death benefits award made to her minor child, respondent, Ronald Barnett (hereafter Ronald), and directing the issuance of a writ of mandate commanding such payments.

The facts are stipulated. Mrs. Barnett's huband, Robert (hereafter decedent), a member of the Oakland Fire Department since 1924, retired on a disability pension in 1960. After his death in 1964, the Oakland Retirement Board found that his death was industrially caused and granted Mrs. Barnett a monthly retirement allowance pursuant to section 244(3) of the Oakland Charter (discussed below).[1]

In November 1964 Mrs. Barnett and Ronald each filed a claim for workmen's compensation death benefits. In 1965, her claim was denied as barred by the statute of limitations, but Ronald was granted the maximum statutory death benefit of $20,500 (Lab. Code, § 4702). Oakland paid this amount by depositing the funds in a special trusteeship account for Ronald and was informed by the city attorney that the pension portion of Mrs. Barnett's retirement allowance had to be reduced by the amount of Ronald's workmen's compensation award pursuant to section 249(2) of the Charter. Thereafter, the Oakland Retirement Board by a tie vote failed to pass a resolution making such reduction but the controller refused to pay Mrs. Barnett the full amount of her pension. This action for declaratory relief and a writ of mandate ensued. The parties agreed that the question of the propriety of the deduction would be submitted and determined separately from the issues relating to the correct method of computing the deduction. The trial court entered judgment in favor of respondents and issued a writ of mandate directing the payment of the full amount of the pension without the deduction for the award to Ronald.

The only question presented by this appeal is whether the trial court, as indicated in its memorandum opinion,

___

[1]This section provides for the payment of a full retirement allowance to dependents if retirement was for a disability due to performance of duty as in the case of the decedent.

properly concluded that *Lyons* v. *Hoover,* 41 Cal.2d 145 [258 P.2d 4], precluded the deduction of Ronald's workmen's compensation award from the pension portion of Mrs. Barnett's retirement allowance. The facts of Lyons were substantially similar, as there, the widow of a Sacramento fireman challenged that city's attempt to deduct from her pension the amount of workmen's compensation death benefits awarded to her three minor children. To determine the issue, our Supreme Court had to construe the provision of the Sacramento City Charter, set forth below.[2]

In *Lyons* v. *Hoover, supra,* at pages 148-149, the court held : "It is clear that if a widow receives all of a compensation award, the portion of her pension allowances provided by the city's contributions can be reduced until the sums withheld equal the total amount of the award.* Where, however, a widow receives only part of the award, the critical question is wheth⹁r the city may take from her pension the amount of compensation payments made to third persons. The charter provides that a pension may be reduced by the amount of any compensation benefits payable on account of the death of an employee and declares that it is the intent that payments under the workmen's compensation law shall be a deductible credit against any allowance under the retirement system. This provision might be construed as contemplating a deduction from a widow's pension of the total amount of an award made to her and third persons, but it also may reasonably be construed as authorizing a deduction from her pension of only such compensation payments as she is entitled to receive. The further statement that double payments shall not be permitted may likewise be reasonably construed as prohibiting duplicate

---

[2]Sacramento City Charter, section 173(j): "That portion of any allowance payable because of the death or retirement of any such employee which is provided by contributions of the City shall be reduced, in the manner fixed by the City Council, by the amount of any benefits payable to or on account of such person, under the Workmen's Compensation, Insurance and Safety Law of the State of California. It is the express intent that payments under said Workmen's Compensation, Insurance and Safety Law shall be a deductible credit against any allowance under the Retirement System which is provided by contributions of the City payable to or on account of the death of any such person; that double payments, in whole or in part, at the expense of the taxpayers, shall not be permitted." (P. 148.)

"*Inasmuch as the deductions are to be made from the portion of the pension allowance which is provided by contributions of the city there is no claim that such deductions could result in charging the employee with part of the cost of workmen's compensation in violation of section 3751 of the Labor Code. (See *Healy* v. *Industrial Acc. Com., ante,* p. 118 [258 P.2d 1].)"

payment of a pension allowance and compensation benefits to the same person, but not as requiring deduction from one person's pension of compensation benefits awarded to others.''

Respondents contend on this appeal that section 249 (2) of the Oakland Charter here in question presents a similar ambiguity and must similarly be construed. We agree. The pertinent provision of the Charter provides: ''Section 249 (2). It is the intention of this section that allowances granted to or on account of members of the System for injury, illness or death incurred in the performance of duty shall not be cumulative with benefits under the Labor Code of California awarded as the result of the same injury, illness or death. If any member of the System or dependent receives compensation under the Labor Code for disability or death arising out of and in the course of the performance of duty, any payment on account thereof shall be applied as a credit and set off against any payment on account of salary granted to such member under Articles XIV and XV; or retirement allowance or other benefit granted to or on account of such member under the provisions of this Article as follows: . . . .''

Although somewhat more specifically worded than the Sacramento Charter, the above provisions are also subject to two interpretations. The word ''cumulative,'' as used in the first sentence of this section, is ambiguous. The sentence does not spell out whether it is meant to deduct the amount of the benefit from the second source where it was payable to a different dependent, or merely to prevent double or cumulative payments from being made to the same person. It can reasonably be argued that payments made to separate individuals are not ''cumulative.'' Likewise, the second sentence of the section does not clearly indicate whether the ''credit and set off'' is to be applied against any benefit granted to any person or dependent, or merely against benefits granted to the same person or same dependent. Under the rule of liberal construction of pension provisions, these ambiguities must be resolved in favor of Mrs. Barnett. We think the trial court correctly held that *Lyons* v. *Hoover supra,* precluded the deduction of Ronald's workmen's compensation award from the pension portion of Mrs. Barnett's allowance.

Judgment affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 20, 1968.