[Civ. No. 24692.    First Dist., Div. One.    Feb. 20, 1968.]

CITY OF OAKLAND, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD and ALICE REIMERS, Respondents.

Edward A. Goggin, City Attorney, George M. Cahalan, Assistant City Attorney, and Mark B. Shragge, Deputy City Attorney, for Petitioner.

Everett A. Corten, Rupert A. Pedrin, Carroll, Davis, Burdick & McDonough and Philip Paul Bowe for Respondents.

ELKINGTON, J.—Petitioner City of Oakland seeks review, under authority of Labor Code section 5950, of a decision of respondent Workmen's Compensation Appeals Board made in proceedings commenced by respondent Alice Reimers, individually and as administratrix of the estate of her deceased husband, Herbert Reimers.

Herbert Reimers was a retired Oakland fireman. On October 31, 1951, at age 38, he suffered a heart attack, which was admittedly, under Labor Code section 3212, an industrial injury. He never thereafter returned to work. He was retired December 1, 1952, for service-incurred industrial disability with a retirement allowance of 75 percent of his salary. This retirement allowance was paid until Reimers' death on October 26, 1964. Thereafter a death allowance was paid his widow.

On July 28, 1965 Reimers' widow filed an application with the Industrial Accident Commission (now Workmen's Compensation Appeals Board) claiming individually and as administratrix of his estate, permanent disability indemnity for his industrial injury of October 31, 1951.[1] The City of Oakland was permissibly uninsured for workmen's compensation (Lab. Code, § 3700). The industrial injury and disability were admitted but the city claimed credit against its workmen's compensation liability for the disability retirement allowances paid Reimers during his lifetime. The appeals board denied such credit and awarded a sum of $8,280 for Reimers' disability. The City of Oakland here seeks review of that decision.

The Charter of the City of Oakland provides for a "Police and Fire Retirement System." Section 249(2) of the charter, among other things, provides: "It is the intention of this sec-

---

[1]Admittedly Mrs. Reimers' claim is derivative. She has only such rights as were held by Reimers before his death.

tion that allowances granted to or on account of members of the System for injury, illness or death incurred in the performance of duty *shall not be cumulative with benefits under the Labor Code of California awarded as the result of the same injury, illness or death.*"[2] (*Italics added.*)

■ The retirement provisions of the charter, including the above mentioned section 249(2) constitute part of the contract of employment between the City of Oakland and its policemen and firemen. It has been stated that such provisions "are an inseparable part of that contract." (*Holt* v. *Board of Police etc. Comrs.*, 86 Cal.App.2d 714, 716 [196 P.2d 94].)

■ With its retirement provisions the charter is not only the organic law of the City of Oakland but it is also the law of the state. It has the force of a legislative enactment. (*C. J. Kubach Co.* v. *McGuire*, 199 Cal. 215, 217 [248 P. 676] ; *Adams* v. *Wolff*, 84 Cal.App.2d 435, 440 [190 P.2d 665].) ■ However, if there is any conflict between the charter and the workmen's compensation provisions of the Labor Code the latter must prevail. (*Healy* v. *Industrial Acc. Com*, 41 Cal.2d 118, 122 [258 P.2d 1].)

■ Such a charter provision preventing an employee's "double recovery" of indemnity for an industrial disability is legally proper. It has been repeatedly held that a city may protect itself against paying twice (through the workmen's compensation provisions of the Labor Code and its own retirement system) for the same industrial disability. (See *City of Los Angeles* v. *Industrial Acc. Com* (*Fraide*), 63 Cal.2d 242 [46 Cal.Rptr. 97, 404 P.2d 801] ; *Stafford* v. *Los Angeles etc. Retirement Board*, 42 Cal.2d 795 [270 P.2d 12] ; *Lyons* v. *Hoover*, 41 Cal.2d 145 [258 P.2d 4] ; *Healy* v. *Industrial Acc. Com.*, *supra*, 41 Cal.2d 118.)

*City of Los Angeles* v. *Industrial Acc. Com.* (*Fraide*), *supra*, 63 Cal.2d 242, concerned a Los Angeles Charter provision somewhat similar to that before us. There Fraide, a disabled policeman, sought both disability retirement allowances and a workmen's compensation disability award. The court stated (p. 253) : "[W]e cannot properly sanction 'double recovery' for the employee."

*Stafford* v. *Los Angeles etc. Retirement Board*, *supra*, 42

---

[2]Alice Reimers' "death allowance" concededly is not for the same "injury, illness or death" as respondent appeals board's award of permanent disability indemnity. Accordingly such "death allowance" cannot be reduced or otherwise affected by the award of permanent disability indemnity.

Cal.2d 795, concerned the provisions of Government Code sections 32080-32082 (repealed 1959). Section 32080 stated, in language almost identical to section 249(2), ''It is the intention of this chapter that pensions allowed for injury incurred in line of duty shall not be cumulative with the benefits under workmen's compensation awarded for the same injury or disability.'' The court held it was proper that no payments be made on a disability retirement until '' 'the total amount of the retirement payments which would otherwise be paid equals the total amount received under the workmen's compensation act.' '' (P. 796.) It was stated: ''[A] contrary view would defeat the declared policy of section 32080 that disability provisions shall not be cumulative with workmen's compensation benefits awarded for the same disability.'' (P. 798.)

The City of Oakland contends that the respondent appeals board acted in excess of its powers in not crediting against its disability indemnity award, the amounts previously paid by the city's retirement system on Reimers' disability retirement allowance. It adds that at the very least such credit should have been computed in accordance with the so-called ''*Fraide*'' formula adopted by the Supreme Court in *City of Los Angeles* v. *Industrial Acc. Com. (Fraide), supra,* 63 Cal. 2d 242.

We shall first discuss the duty of the appeals board to give effect to the City of Oakland Charter section 249(2).

The meaning of this section is clear. A policeman or fireman may not, for the same industrial disability, receive from the city disability allowances both under the workmen's compensation provisions of the Labor Code and under the city's retirement system.

Respondents concede that if Reimers had obtained a workmen's compensation disability award during his lifetime the city could properly have withheld retirement allowances up to the amount of such award. Indeed, since this was the anticipated manner in which section 249(2) would be given effect, the charter details the procedure for taking such a credit. However, since the charter does not spell out a procedure for offsetting previously paid disability allowances against a compensation award, respondents insist that such credit is not legally allowable. We cannot accept this argument. A retired disabled city employee, by not seeking disability compensation during his lifetime, could thus insure to his dependents after his death a derivative disability allowance which he himself

could not have obtained—clearly a result to be avoided.

In support of the instant contention respondents cite *Holt v. Board of Police etc. Comrs., supra,* 86 Cal.App.2d 714, where a different factual situation was encountered. The court there said, "The charter provides that the pension provision is intended to be in lieu of and take the place of the Workmen's Compensation Act. It does not provide that the Workmen's Compensation Act is to be in lieu of and take the place of the pension provisions." (P. 719.) Obviously the charter language found in *Holt* was quite different from that of the City of Oakland which says that disability retirement payments and disability compensation payments "shall not be cumulative." *Stafford v. Los Angeles etc. Retirement Board, supra,* 42 Cal. 2d 795, 799, in denying "double recovery" under a provision almost identical with that of section 249(2), stated that *Holt, supra,* was "neither compelling nor persuasive to a contrary holding."

Respondent appeals board contends that it lacks authority to allow offsets of the sort here demanded by the City of Oakland. We need not consider the question of whether or not the appeals board has *implied* power to give effect to Reimers' valid employment contract with the City of Oakland and that city's charter which has the effect of law. Labor Code section 4909 *expressly* gives to the appeals board the necessary power. That section provides that the appeals board may take into account "in fixing the amount of the compensation to be paid" any "benefit received by the injured employee during the period of his incapacity" which was not due and payable under the workmen's compensation provisions of the Labor Code.

■ We hold that the appeals board was required to give effect to section 249(2) of the City of Oakland Charter as authorized by Labor Code section 4909, and that in failing to do so the appeals board abused its discretion and acted in excess of its powers.

We now direct our discussion to the effect of the *Fraide* ruling (*City of Los Angeles v. Industrial Acc. Com. (Fraide), supra,* 63 Cal.2d 242) on the instant case.

■ Labor Code section 3751 relating to workmen's compensation provides: "No employer shall exact or receive from any employee any contribution, or make or take any deduction from the earnings of any employee either directly or indirectly, to cover the whole or any part of the cost of compensation under this division. Violation of this section is a misdemeanor."

In *Fraide* the policeman was required to contribute 6 percent of his salary to the retirement fund. Los Angeles also contributed to the same fund. The respective contributions were commingled "with no earmarking and no segregation." The court held (p. 249) that the city failed "to show that as a matter of practice *or as an accounting procedure* it did not use employee contributions" to pay Fraide's workmen's compensation award. (Italics added.)

The court in *Fraide* held that requiring the policeman to contribute to the commingled pension fund and then using payments from such fund for the purpose of discharging compensation liability would effectively abrogate the mandate of Labor Code section 3751. The court then stated: "On the other hand the city has substantially contributed to the pension fund. Moreover, we cannot properly sanction 'double recovery' for the employee. Although we then apparently face a dilemma, the difficulty dissolves upon the realization that *to the extent* that the employee receives workmen's compensation benefits which consist of employee deductions he does not obtain 'double recovery.' Viewed in this light the proper method becomes clear. We must regard each dollar which is paid out of the pension fund as consisting in part of tax monies and in part of employee contributions. The city, therefore, should receive a partial credit against workmen's compensation liability for the disability pension it pays each employee. The credit should bear the same ratio to workmen's compensation liability as the 'city's contributions' bears to the 'total contributions.' . . ." (*City of Los Angeles* v. *Industrial Acc. Com.* (*Fraide*), *supra,* 63 Cal.2d 242, 253.)

The City of Oakland contends that the respective retirement fund contributions of the city and its employees are not commingled as in *Fraide*. This appears to be the case. Under section 252(4) of the City of Oakland's charter a percentage is deducted from each member's salary. This deduction is then "credited forthwith to the individual account of the member." Upon retirement the total of these contributions is applied to "*provide part of the retirement allowance granted . . .* on account of said member." (Italics added.) This "part" has been referred to by the parties in the proceedings below as the "annuity portion." The City of Oakland makes no contribution until the member retires. Thereafter the city is required to contribute each year such amount as is necessary, when added to the member's contributions, to provide

the full retirement benefit payable during that year. This part is called the ''pension portion.'' The total of the ''pension portion'' paid during Reimers' lifetime by the City of Oakland was $56,459.

The City of Oakland, unlike the City of Los Angeles in *Fraide,* has established both as a matter of practice and as an accounting procedure that no part of the ''pension portion'' it seeks to offset against the compensation award was contributed by Reimers.

Accordingly we hold that the formula announced in *Fraide* is inapplicable to the case before us.

█ Respondents point out section 249(3) of the City of Oakland's charter which provides: ''No benefits shall be paid under this Article [covering the Police and Fire Retirement System] on the basis of an award by the Industrial Accident Commission [now the Workmen's Compensation Appeals Board] of the State of California.'' They insist that this provision denies to the city any right to credit disability retirement allowances against compensation awards. We do not agree. The crediting of previously paid retirement allowances against a compensation award is not a benefit paid on the basis of a workmen's compensation award.

Section 249(3) was added to the Oakland Charter in 1951 following entry of the superior court judgment of 1949[3] in *French* v. *Rishell* which was affirmed on appeal in 40 Cal.2d 477 [254 P.2d 26] (1953). In that case it was held that a determination of the Industrial Accident Commission that a fireman's death occurred in the scope of his employment was res judicata in subsequent unrelated proceedings before the Oakland Retirement Board. Section 249(3) was obviously designed to eliminate the effect of that decision.

█ Respondents have invited our attention to the recently decided case of *Barnett* v. *Brizee,* 258 Cal.App.2d 97 [65 Cal.Rptr. 493], where the court held the language of the City of Oakland's charter section 249(2) to be ambiguous. There the son of a deceased fireman was awarded a statutory death benefit by the appeals board. The City of Oakland sought to reduce retirement allowances due the fireman's widow by the amount of the award. Holding it could be reasonably argued that payments made to separate individuals are not ''cumulative'' the court denied to the City of Oakland the demanded

[3]We take judicial notice of the record of the superior court. (**Evid.** Code, § 452d.)

offset. The rule of that case is not applicable here where admittedly such rights as Mrs. Reimers may have are admittedly derivative.

Finally respondents contend that the City of Oakland, which was bound to pay the compensation award, is a different entity than its police and fire retirement fund—and that a claim or obligation of one is not a claim or obligation of the other. This contention is without merit. In *French* v. *Rishell, supra,* 40 Cal.2d 477, 482, it was held that the Oakland Firemen's Relief and Pension Fund "acts as an agent of the city, and, in this representative capacity, it is bound by the [Industrial Accident] commission's decision if the city is bound." See also *Johnson* v. *Fontana County Fire Protection Dist.,* 15 Cal.2d 380, 391 [101 P.2d 1092], where it is stated: "[G]enerally a political subdivision and the officers, boards, commissions, agents and representatives thereof form but a single entity."

The award is annulled and the cause remanded to the Workmen's Compensation Appeals Board for proceedings consistent with this opinion.

Molinari, P. J., and Sims, J., concurred.

The petition of respondent Reimers for a hearing by the Supreme Court was denied May 1, 1968.