[Civ. No. 25873.   First Dist., Div. One.   Apr. 8, 1969.]

CITY OF OAKLAND, Petitioner, v. WORKMEN'S COM-
PENSATION APPEALS BOARD, MARYON BER-
NARDINI et al., Respondents.

Edward A. Goggin, City Attorney, and George M. Cahalan, Assistant City Attorney, for Petitioner.

Everett A. Corton, Richard E. Ryan, Caroll, Davis, Burdick & McDonough and Philip Paul Bowe for Respondents.

ELKINGTON, J.—This proceeding, in review of a Workmen's Compensation Appeals Board award, is one of a series of cases relating to the "double recovery" provision found in section 249(2) of the Charter of the City of Oakland. (See Act 5557, Deering's General Laws, Uncodified; *City of Oakland* v. *Workmen's Comp. App. Bd. (Reimers)* 259 Cal.App. 2d 163 [66 Cal.Rptr. 283]; *Barnett* v. *Brizee,* 258 Cal.App.2d 97 [65 Cal.Rptr. 493].)

Section 249(2) is designed to prevent that city's liability to the same person, for the industrial death of, or injury to, a policeman or fireman, under the workmen's compensation provisions of the Labor Code *and* under the city's retirement system. It has repeatedly been held that a municipality may protect itself in this manner from such double liability. (See *City of Los Angeles* v. *Industrial Acc. Com. (Morse)* 63 Cal. 2d 263 [46 Cal.Rptr. 110, 404 P.2d 814]; *City of Los Angeles* v. *Industrial Acc. Com. (Fraide)* 63 Cal.2d 242 [46 Cal.Rptr. 97, 404 P.2d 801]; *Stafford* v. *Los Angeles etc. Retirement Board,* 42 Cal.2d 795 [270 P.2d 12]; *Lyons* v. *Hoover,* 41 Cal. 2d 145 [258 P.2d 4]; *Healy* v. *Industrial Acc. Com.,* 41 Cal.2d 118 [258 P.2d 1]; *City & County of San Francisco* v. *Workmen's Comp. App. Bd. (Shaughnessy-Swall-Morey)* 269 Cal. App.2d 382, 390 [74 Cal.Rptr. 810]; *City & County of San Francisco* v. *Workmen's Comp. App. Bd. (Engler)* 267 Cal. App.2d 771 [73 Cal.Rptr. 429]; *City of Oakland* v. *Workmen's Comp. App. Bd. (Reimers) supra,* 259 Cal.App.2d 163; *Barnett* v. *Brizee, supra,* 258 Cal.App.2d 97.)

The Charter of the City of Oakland (including § 249(2)) was enacted under the authority of article XI, section 8 of the California Constitution. Evidence Code section 451 provides that judicial notice *shall* be taken of the "public statutory law of this state . . . and . . . any charter described in Section . . . 8 of Article XI of the California Constitution." The appeals board accordingly was required to, and did, take such judicial notice. Evidence Code section 459 requires that this reviewing court *shall* take judicial notice of "each matter that the trial court was required to notice under Section 451."

Dante Bernardini, a fireman employed by the City of Oakland, died June 10, 1967, as a result of a duty-incurred injury. Totally dependent on him for support were his wife Maryon and their daughter Denise. On October 6, 1967, Mrs. Bernardini, on behalf of herself and Denise, filed with the

Workmen's Compensation Appeals Board a claim for the statutory death benefit of $20,500. Thereafter Mrs. Bernardini filed notice with the appeals board stating, "I have authorized my attorney . . . to repudiate and withdraw any claim I as an individual may have to workmen's compensation benefits." The appeals board then made the entire maximum allowable death award in favor of Denise "against City of Oakland . . . payable at the rate of $70.00 a week . . . and continuing until the total amount of $20,500.00 shall have been paid."

The City of Oakland contends that the appeals board acted in excess of its jurisdiction and abused its discretion in awarding the entire maximum death benefit to Denise instead of dividing it equally between the two dependents.

Under the City of Oakland Charter Mrs. Bernardini is entitled to, and we may infer, receiving, a monthly retirement allowance. This retirement allowance and the above mentioned compensation award are based on Mr. Bernardini's injury and death. Charter section 249(2) as pertinent here provides: "It is the intention of this section that allowance granted to or on account of members of the [Retirement] System for injury, illness or death incurred in the performance of duty shall not be cumulative with [workmen's compensation] benefits under the Labor Code of California awarded as the result of the same injury, illness or death. If any member of the System or dependent receives compensation under the Labor Code for disability or death arising out of and in the course of the performance of duty, any payment on account thereof shall be applied as a credit and set off against any payment on account of . . . retirement allowance or other benefit granted to or on account of such member under the provisions of this Article. . . ."

The contention of the city, and the waiver by Mrs. Bernardini of her compensation claim, become meaningful when we note the practice of the appeals board, in cases such as this, where for any reason a dependent widow cannot, or does not, receive workmen's compensation death benefits, to award the entire maximum allowable benefits to the dependent child or children. (See *City & County of San Francisco* v. *Workmen's Comp. App. Bd. (Shaughnessy-Swall-Morey)* 269 Cal.App.2d 382 [74 Cal.Rptr. 810].) The insistence of the City of Oakland that Mrs. Bernardini be awarded one-half of the statutory death benefit results from a desire to offset her retirement

allowance against her portion of the workmen's compensation award. It is equally clear that Mrs. Bernardini's "repudiation and withdrawal" of her claim stems from a wish to ensure payment of the entire award, without the deduction provided for by charter section 249 (2).

At the appeals board hearings the City of Oakland did not expressly state the reasons for its opposition to the award. The appeals board therefore states that since such a contention was not made below, the city has not shown that it was prejudiced by the award. As we have noted, *ante,* the appeals board was required to judicially notice the City of Oakland's Charter provisions relating to Mrs. Bernardini's monthly allowance, and the city's right to credit on such allowances against any compensation award to her. And it is clear, since Mrs. Bernardini's counsel had previously represented the compensation claimants in *City of Oakland* v. *Workmen's Comp. App. Bd. (Reimers) supra,* 259 Cal.App.2d 163, and *Barnett* v. *Brizee, supra,* 258 Cal.App.2d 97, q.v., that all parties were in fact, fully cognizant of the reasons for the city's opposition.

The parties concede that no showing was made to the appeals board that the needs of Denise were any greater than those of her mother. Both Mrs. Bernardini and Denise were dependents of the deceased fireman. They alleged in the appeals board's proceedings that they were "totally dependent on him for support." And Labor Code section 3501 provides that they were "conclusively presumed to be wholly dependent" on him for support.[1]

Section 4703 provides, as applicable here: *"Subject to the provisions of section 4704,* this section shall determine the right to a death benefit. . . . If there is more than one person wholly dependent for support upon a deceased employee, *the death benefit shall be divided equally among them."* (Italics added.) It is thus apparent (except as provided by section 4704 which will be discussed later) that the appeals board was required by law to divide the award equally between Denise and her mother.

Section 4900 provides that "No claim for compensation . . . is assignable before payment, . . ." Accordingly, Mrs. Bernardini's "repudiation and withdrawal" of her claim may not be accepted for its intended purpose, a thinly veiled

---

[1] Unless otherwise stated all statutory references hereinafter mentioned are to the Labor Code.

assignment of her compensation benefits to Denise.[2] It stands only as a renunciation or waiver of such benefits. It follows that the death benefit otherwise awardable to Mrs. Bernardini (except for the possible operation of section 4704) is now payable to no one.

Section 4704 provides, as relevant: "The commission may set apart or reassign the death benefit to any one or more of the dependents in accordance with their respective needs and in a just and equitable manner, and may order payment to a dependent subsequent in right, or not otherwise entitled thereto, upon good cause being shown therefor. . . ."

It is the clear intent of the statute that wholly dependent survivors shall share equally unless the appeals board in its discretion shall determine that their respective needs differ. Upon such a determination the apportionment must be made "in a just and equitable manner." Speaking of the parent statute to section 4704 (with substantially the same language), the court in *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.*, 124 Cal.App. 303, 307 [12 P.2d 647], stated, "[W]e think it is beyond debate that it designated *prima facie* who should receive benefits, but that it also vested in the Commission a discretion to change or vary from the statutory rule as the circumstances might demand." Referring to the same earlier statute the court in *Perry* v. *Industrial Acc. Com.*, 176 Cal. 706, 710 [169 P. 353], stated: "The question [of] what disposition in any particular case is in proportion to the respective needs of the dependents and just and equitable is, of course, one of fact, the determination of which is committed to the commission, and in its determination the commission is necessarily invested with a large discretion."

The wide discretion exercised by the appeals board is nevertheless a "judicial discretion" to be exercised according to the fixed principles applying to courts generally. (See *Martin* v. *Alcoholic Beverage etc. Appeals Board*, 55 Cal.2d 867, 875

---

[2]That such was the purpose is further demonstrated in Mrs. Bernardini's brief before the appeals board. There it was stated that if her waiver be rejected "all that will be accomplished in this and in future cases is the absurd result that minor children through the widow as a guardian will wait until the statutory limitations period has expired against the widow and then file." Reference was then made to cases where the appeals board had awarded the entire death benefit to dependent minor children when the statute of limitations (§ 5406) had run against the widow—a practice later disapproved in *City & County of San Francisco* v. *Workmen's Comp. App. Bd.* *(Shaughnessy-Swall-Morey)* *supra*, 269 Cal.App.2d 382.

[13 Cal.Rptr. 513, 362 P.2d 337].) *Martin,* iterating principles earlier announced by the court, stated (p. 875) : " 'The mere fact that a court may have jurisdiction to make an order does not equip it to exercise *judicial discretion.* Its acts must not only be confined within the field of discretion but must also be of a character within the bounds of the limiting adjective "judicial." *To exercise that power all the material facts in evidence must be both known and considered, together also with the legal principles essential to an informed, intelligent, and just decision. . . .' "* (Italics changed.)

By virtue of section 4703, such facts as were in evidence before the appeals board, indicate equal entitlement of Mrs. Bernardini and her daughter to the death benefit award. Section 4704 allows setting aside or reassignment of such death benefits, to any one or more of the dependents in accordance with their respective needs and in a just and equitable manner. It does not appear that the appeals board's decisions were reached in the informed, intelligent and just manner, after consideration of all material facts, as required by *Martin* v. *Alcoholic Beverage etc. Appeals Board, supra.* Nor can it be said that the setting aside or reassignment was made to the dependents in accordance with their respective needs or in a just and equitable manner as required by section 4704. Instead, Mrs. Bernardini's waiver and the ensuing grant of the entire maximum benefit to Denise appears to have been made for the purpose of denying to the City of Oakland its right to credit Mrs. Bernardini's pension payments against her proper and legal share of the appeals board's award.[3]

Our task here, if reasonably possible, is to protect the right of the city to credit Mrs. Bernardini's monthly allowances against her legal share of the compensation award (or what accomplishes the same result—to give effect to her waiver) without at the same time doing violence to the appeals board's power to set apart or reassign under section 4704 a previously made award.

Section 4702 provides that "The death benefit in all cases shall be paid in installments in the same manner and amounts as temporary disability indemnity, payments to be made at least twice each calendar month, unless the appeals board

---

[3]We note that in *City of Los Angeles* v. *Industrial Acc. Com. (Morse) supra,* 63 Cal.2d 263, a device calculated by the appeals board and the petitioner therein to defeat the right of the City of Los Angeles to credit allowances to a policeman's widow against a workmen's compensation award, was nullified by the court.

otherwise orders.'' Sections 4650-4653 relate to the manner and amounts of temporary disability indemnity payments. Generally they provide that the amount of such payments is 65 percent of the average weekly earnings of the employee (§ 4653), that payments shall be made for the period commencing on the eighth day after the injury becomes permanent (§ 4650), and not less frequently than twice in each calendar month (§ 4651).

In *City & County of San Francisco* v. *Workmen's Comp. App. Bd.* (*Shaughnessy-Swall-Morey*) *supra*, 269 Cal.App.2d 382, 389, we held that where the statute of limitations (§ 5406) has run against the widow who otherwise would be entitled to an equal share of an award, the appeals board may not later set apart or reassign that part of an award which, but for the statute of limitations, would already have been paid to the widow. The rationale of that case is reasonably applicable to the problem before us.[4]

We conclude that on the evidence before the appeals board Mrs. Bernardini was entitled under section 4703 to receive one-half of the compensation benefits unless and until the board for cause set apart or reassigned such portion under section 4704. Her waiver constituted a renunciation of her share; it did not operate as an assignment thereof to Denise. It operated only on such payments of the award, which, but for her waiver, the widow would otherwise have received pursuant to sections 4702 and 4650-4653. It did not affect the appeals board's power for cause to set apart or reassign under Labor Code section 4704; such power, however, when and if exercised would relate only to that portion of the widow's award which would then have been unpaid (under Lab. Code, §§ 4702, 4650-4653) had she executed no waiver.

The award of the appeals board is annulled; the board will take further proceedings not inconsistent with the views herein expressed.

Molinari, P. J., and Sims, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 4, 1969.

---

[4]*Barnett* v. *Brizee, supra,* 258 Cal.App.2d 97, is cited as authority approving the maximum death benefit award to a fireman's dependent child where the statute of limitations had run against a dependent widow. In that case there was no issue before, or discussion by, the court as to the propriety of such an award—hence it is not authority on the question before us.