[Civ. No. 28119. First Dist., Div. Two. Sept. 20, 1971.]

WILLIAM GARIETZ et al., Plaintiffs and Appellants, v.
CITY OF OAKLAND et al., Defendants and Respondents.

**COUNSEL**

Davis, Cowell & Bowe and Philip Paul Bowe for Plaintiffs and Appellants.

Edward A. Goggin, City Attorney, and George M. Cahalan, Assistant City Attorney, for Defendants and Respondents.

**OPINION**

**TAYLOR, J.**—Plaintiffs, as individuals and on behalf of all others similarly situated, appeal from a judgment denying their petition for writ of mandate and declaring that the full amount of an award of the Workmen's Compensation Appeals Board (hereafter WCAB) for permanent disability or for a death benefit, without any reduction for attorneys' fees allowed therein, may be legally credited and offset against a disability retirement or death allowance granted to the same individual for the same injury, illness or death, by defendants and respondents, the City of Oakland, its auditor and the members of the city police and fire retirement board (hereafter collectively referred to as City).

Appellants, Garietz, Leitz and Dietz, are former members of the police and fire departments, who sustained a disability in the course of employment, and subsequently applied for and received benefits under the California compensation laws (Lab. Code, § 3201 et seq.); appellant Miller is the chairman of the Police and Fire Co-ordinating Council, an unincorporated association composed of delegates from a number of other unincorporated associations that include in their membership almost all uniformed members of the police and fire departments.

The fourth cause of action of the petition alleged that the City was deducting the total amount of workmen's compensation benefits, including attorneys' fees, from the pension benefits, prayed for a writ of mandate directing the City to pay pension and disability benefits without any deduction or offset, and requested declaratory relief establishing that appellants were entitled to their pension and disability benefits without deduction. Appellants point out that where the entire amount of the WCAB award, including attorneys' fees, are offset from the disability retirement allowance, the individual is out of pocket the amount of the attorneys' fees.

█ Initially, we note that the Charter of the City of Oakland provides for a "Police and Fire Retirement System" and that the retirement provisions of the charter constitute a part of the contract of employment between the City of Oakland and its policemen and firemen (*City of Oakland* v. *Workmen's Comp. App. Bd.,* 259 Cal.App.2d 163, 165-166 [66 Cal.Rptr. 283]; see *City etc. of S.F.* v. *Workmen's Comp. App. Bd.,* 267 Cal.App.2d 771 [73 Cal.Rptr. 429]; *Holt* v. *Board of Police etc. Commrs.,* 86 Cal. App.2d 714, 716 [196 P.2d 94]).

█ The pertinent provisions of section 249(2) of the charter are set forth in the footnote below.[1] Appellants contend that the language of the

[1]"It is the intention of this section that allowances granted to or on account of members of the System for injury, illness or death incurred in the performance of duty *shall not be cumulative with benefits under the Labor Code of California awarded as the result of the same injury, illness or death. . . .*" (Italics added.)

"(a) If the amount [of benefits awarded] is paid in one sum or in installments equal to or greater than such salary, retirement allowance, or other benefit, *such member or dependent shall not receive* any salary, retirement allowance, or other benefit *until the total amount* of the salary, retirement allowance, or other benefit which would otherwise be payable *equals the total amount received under the Labor Code.*

"(b) If the amount [of benefits awarded] is paid in installments less than such salary, retirement allowance, or other benefit, the salary, retirement allowance or other benefit, *shall be reduced so that the total* of salary, retirement allowance, or other benefit plus the *amounts received under the Labor Code will equal the salary, retirement allowance or other benefit which would otherwise be due.*

"(c) In either case any award specifically granted for medical, surgical, or hospital expenses shall not reduce the salary, retirement allowance, or other benefit." (Italics added.)

first paragraph prohibiting the cumulation of benefits and the emphasis on "paid" and "received" in the subdivisions creates an ambiguity that must be liberally construed in their favor to prohibit any setoff or deduction that includes the amount of attorneys' fees. They argue that in the absence of a specific provision like subdivisions (a) and (b) of section 249(2) permitting the offset of certain amounts, no deduction for attorneys' fees is permissible and that their employer, the City, should bear the cost of their attorneys' fees in matters they take to the WCAB.

We are impressed by the reasoning of the trial court in its excellent memorandum opinion. Labor Code section 4903 (set forth in the footnote below)[2] provides for certain liens against any sum ordered paid as compensation by the WCAB. The statute was enacted in its present form, essentially, in 1937, and was based on earlier law without substantial change. In addition to attorneys' fees, the section provides that the WCAB may "determine, and allow as liens against any sum to be paid as compensation" various other expenses and obligations incurred by or on behalf of the injured employee. If only the net amount "received" by the employee may be considered in deducting the award from pension payments, appellants'

---

[2]"The appeals board may determine, and allow as liens against any sum to be paid as compensation, any amount determined as hereinafter set forth in subdivisions (a) through (g) of this section. If more than one such lien be allowed, the appeals board may determine the priorities, if any, between the liens allowed. The liens which may be allowed hereunder are as follows:.

"(a) A reasonable attorney's fee for legal services pertaining to any claim for compensation either before the appeals board or before any of the appellate courts, and the reasonable disbursements in connection therewith.

"(b) The reasonable expense incurred by or on behalf of the injured employee, as provided by Article 2 of Chapter 2 of Part 2 of this division.

"(c) The reasonable value of the living expenses of an injured employee or of his dependents, subsequent to the injury.

"(d) The reasonable burial expenses of the deceased employee, not to exceed the amount provided for by Section 4701.

"(e) The reasonable living expenses of the wife or minor children of the injured employee, or both, subsequent to the date of the injury, where such employee has deserted or is neglecting his family. Such expenses shall be allowed in such proportion as the appeals board deems proper, under application of the wife or guardian of the minor children.

"(f) The amount of unemployment compensation disability benefits which have been paid under or pursuant to the Unemployment Insurance Code in those cases where, pending a determination under Division 4 of this code, there was uncertainty whether such benefits were payable under the Unemployment Insurance Code or payable hereunder; provided, however, that any lien under this subdivision shall be allowed and paid as provided in Section 4904.

"(g) The amount of unemployment compensation benefits and extended duration benefits paid to the injured employee for the same day or days for which he receives, or is entitled to receive, temporary total disability indemnity payments under this division; provided, however, that any lien under this subdivision shall be allowed and paid as provided in Section 4904."

reasoning would exclude not only liens for attorneys' fees but also all other categories of liens permitted in subdivisions (b), (c), (d), (e), (f) and (g) of section 4903. In our opinion, no such result was intended.

Labor Code section 4903 was a part of the law in 1951 when section 249(2) of the charter was enacted. If there is any conflict between the charter and the workmen's compensation provisions of the Labor Code, the latter must prevail (*Healy* v. *Industrial Acc. Com.*, 41 Cal.2d 118, 122 [258 P.2d 1]). Reading the charter provision in this context, no ambiguity appears to make the principles of *Lyons* v. *Hoover*, 41 Cal.2d 145 [258 P.2d 4], or of *Barnett* v. *Brizee*, 258 Cal.App.2d 97 [65 Cal.Rptr. 493], applicable.

This conclusion is supported by the recent decision of this court (Division One) in *City of Oakland* v. *Workmen's Comp. App. Bd.*, 259 Cal. App.2d 163 [66 Cal.Rptr. 283], where the widow of a fireman argued that since section 249(2) of the charter did not spell out a procedure for offsetting previously paid disability allowances against a WCAB award, no such credit was legally allowable. In rejecting this argument, the court said at page 166: "Such a charter provision preventing an employee's 'double recovery' of indemnity for an industrial disability is legally proper. It has been repeatedly held that a city may protect itself against paying twice (through the workmen's compensation provisions of the Labor Code and its own retirement system) for the same industrial disability. [Citations.]"

We conclude that the court below properly held that the full amount of the WCAB award, including any attorneys' fees allowed, may legally be credited and offset against a disability retirement or death allowance granted to the same individual for the same injury, illness or death.

The judgment is affirmed.

Shoemaker, P. J., and Kane, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 18, 1971. Peters, J., was of the opinion that the petition should be granted.