[Civ. No. 32688. First Dist., Div. One. Dec. 28, 1973.]

CITY AND COUNTY OF SAN FRANCISCO, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, MERIEL L. MEDRANO et al., Respondents.

**414**

---

## COUNSEL

Thomas M. O'Connor, City Attorney, Raymond E. Agosti and Donald J. Garibaldi, Deputy City Attorneys, for Petitioner.

Franklin Grady, Sheldon C. St. Clair and George J. Engler for Respondents.

---

## OPINION

**MOLINARI, P. J.**—In this proceeding we issued a writ of review to inquire into and determine the lawfulness of respondent-board's order denying petitioner's petition for reconsideration. The issues are whether the board may lawfully award burial expenses directly to a third party who has paid burial expenses for a deceased employee whose death was industrially incurred and whether petitioner is entitled to a credit for such award under the provisions of the San Francisco City Charter.

The subject burial expenses, in excess of $1,000, were paid by Naoma Cyr, the deceased employee's mother-in-law, who was joined in these proceedings as a party applicant. An award in the sum of $1,000 was made by respondent board in favor of Mrs. Cyr for such expenses.

Petitioner contends that Mrs. Cyr was only entitled to a lien against the compensation payable to the widow and that to award the burial expenses to Mrs. Cyr directly was an incorrect application of the Labor Code. The pertinent Labor Code sections are 4701 and 4903. Section 4701, in pertinent part, provides that "Where an injury causes death, . . . the employer shall be liable, in addition to any other benefits . . . . (a) Reasonable expenses of the employee's burial, not exceeding one thousand dollars ($1,000). . . ." Section 4903, in pertinent part, provides that "The appeals board may determine, and allow as liens against any sum to be paid as

compensation, . . . (d) The reasonable burial expenses of the deceased employee, not to exceed the amount provided for by Section 4701."

We here note that Labor Code section 4706, subdivision (b), provides that the appeals board may order the burial expenses paid directly to the proper person in the event that there are no surviving dependents or heirs.[1] In the instant case there are surviving dependents and heirs. Accordingly, respondent board's order cannot be upheld under subdivision (b) of section 4706.

■    The proper procedure to be followed with respect to burial expenses paid by a third party when the deceased employee leaves a surviving dependent or a surviving heir is that prescribed in subdivision (d) of section 4903 which permits the appeals board to determine and allow, as a *lien,* the reasonable expenses, not to exceed $1,000, paid by a third party for the burial. The appeals board failed to follow that procedure. The board should have properly awarded the burial expenses to the widow subject to a lien in favor of Mrs. Cyr.

The remaining question is whether petitioner is entitled to a credit under section 8.551 of its charter for the $1,000 burial expenses which should have properly been awarded to the widow. The "credit" provision of the San Francisco Charter provides as follows: "That portion of any allowance payable because of the death or retirement of any member of the police department, which is provided by contributions of the city and county, shall be reduced in the manner fixed by the board of supervisors, by the amount of any benefits, other than medical benefits, payable to or on account of such person, under the Workmen's Compensation Insurance and Safety Law of the State of California and because of the injury or illness resulting in said death or retirement. Such portion which is paid because of death or retirement which resulted from injury received in or illness caused by performance of duty, shall be considered as in lieu of any benefits, other than medical benefits, payable to or on account of such persons under the said law of the State of California, and shall be in satisfaction and discharge of the obligation of the city and county to pay such benefits."

The provisions defining what the "death allowance" consists of appear throughout part six of the charter (§§ 8.540-8.557). It is clear from a reading of these charter provisions that the allowance to be paid is in lieu

---

[1]Labor Code section 4706, subdivision (b), provides: "In the event there is no surviving dependent and no surviving heir, the appeals board may order the burial expense of the deceased employee, not to exceed the amount specified in Section 4701, paid to the proper person, without administration."

of normal retirement benefits. Nowhere does the charter provide for the payment of burial expenses. Specifically, the "death allowance" is set forth in section 8.548 of the charter. It is based on a computation of the decedent's retirement allowance, which is in turn determined on the basis of the officer's salary.

The widow in this case will merely act as a conduit for the award of burial expenses which she is legally obligated to pay to Mrs. Cyr, a third party. We are *not* dealing here with a *gift* situation where a third party pays the burial expenses without any expectation of being reimbursed in the future. That factual issue has already been determined by the board and is not now in dispute.

A lien in favor of Mrs. Cyr will earmark a portion of the award for her and the widow will not be enriched by that portion of the award subject to the lien. ■■ The case law is clear that no credit is to be allowed for that portion of an award payable to third parties. (*Lyons* v. *Hoover,* 41 Cal.2d 145 [258 P.2d 4]; *City etc. of S. F.* v. *Workmen's Comp. App. Bd.* [*Guzzetti*], 269 Cal.App.2d 382 [74 Cal.Rptr. 810]; *Barnett* v. *Brizee,* 258 Cal.App.2d 97 [65 Cal.Rptr. 493].) We observe that while all of these cases involved situations where a portion of the award was payable to the decedent's minor children, the rationale of those cases is applicable here. (Civ. Code, § 3511.) The indirect payment to Mrs. Cyr mandated by section 4903, subdivision (d), of the Labor Code is, despite the circuitous route through which it reaches her, in a practical sense "a payment to a third party" in the sense contemplated by *Lyons* and its progeny.

The most recent case in this area is *Garietz* v. *City of Oakland,* 20 Cal. App.3d 115 [97 Cal.Rptr. 374], where section 4903, subdivision (a), of the Labor Code was construed not to bar a credit allowance for a lien award of attorneys' fees pursuant to that statute. At first blush *Garietz* would appear to be in conflict with *Lyons* and the cases following it. However, it is not. *Garietz* was only concerned with a lien for attorneys' fees pursuant to section 4903, subdivision (a), and not with section 4903, subdivision (d), providing for a lien for burial expenses. *Garietz* did not consider the applicability of Labor Code section 4701 which specifically provides that the *employer* shall be liable, in *addition* to other benefits provided, for the reasonable burial expenses not to exceed $1,000. It is apparent that the Legislature intended that the financial burden for burial expenses is to be placed on the employer while attorneys' fees and the other expenses included in Labor Code section 4903 are to be borne by the employee, or, if he is deceased, his surviving dependents or heirs.

The matter is clearly one of legislative intent. To allow petitioner a credit for its payment of burial expenses has the ultimate effect of placing the financial burden back upon the widow and dependents. This would be the result of subtracting from the death allowance the amount paid to the widow as burial expenses which she must pay to Mrs. Cyr. Such a result would defeat the legislative intent expressed in Labor Code section 4701, subdivision (a), and would render the section a nullity. We observe, moreover, that the employer's liability for the burial expenses arises when expense has been incurred for the employee's burial and without regard to whether the employee is survived by dependents entitled to claim a death benefit. (See 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1966) § 15.04[1].)

Adverting to the charter provisions, we observe the reference to "any benefits." ■ We construe this terminology as meaning those benefits which are provided for by petitioner's pension and death benefit provisions. These do not provide for the payment of burial expenses. Accordingly, there would be no reason to allow a credit as there could not be a double payment even if the widow received the burial expense money since petitioner, under the terms of its own charter, would not be required to pay for burial expenses. It is only required to pay such expenses by virtue of Labor Code section 4701. In sum, petitioner is only entitled to a credit for benefits which it must provide under compulsion of state law and which are also comparably provided for under its own retirement or death benefit program. (See *Lyons* v. *Hoover, supra,* 41 Cal.2d 145, 149; *City etc. of S. F.* v. *Workmen's Comp. App. Bd.* [*Guzzetti*]*, supra,* 269 Cal.App.2d 382, 387.)

We do not perceive any conflict between the San Francisco Charter and the Labor Code in view of our conclusion that petitioner is entitled to a credit only for benefits which it comparably provides. ■ If there was a conflict the compensation sections of the Labor Code would prevail. (*Healy* v. *Industrial Acc. Com.,* 41 Cal.2d 118, 122 [258 P.2d 1].)

The order is annulled and the matter is remanded to respondent board for further proceedings consistent herewith.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied January 25, 1974.