[L. A. Nos. 28022, 28023.  In Bank.  Aug. 27, 1965.]

CITY OF LOS ANGELES, Petitioner v. INDUSTRIAL ACCIDENT COMMISSION, LUCILLE C. MORSE et al., Respondents.

(Two Cases.)

Roger Arnebergh, City Attorney, Bourke Jones and Edwin F. Shinn, Assistant City Attorneys, and J. David Hanson, Deputy City Attorney, for Petitioner.

Hilton J. Melby, City Attorney (Oakland), and Mark B. Shragge, Deputy City Attorney, as Amici Curiae on behalf of Petitioner.

Everett A. Corten, Edward A. Sarkisian, Levy, DeRoy, Geffner, Koszdin & Glow, Abe F. Levy, Victor J. Van Bourg and Henry P. Nelson for Respondents.

TOBRINER, J.—In this case, a corollary to *City of Los Angeles* v. *Industrial Acc. Com.* (*Fraide*) (1965) *ante,* p. 242 [46 Cal.Rptr. 97, 404 P.2d 801] (hereinafter called *Fraide*), the City of Los Angeles seeks annulment of an Industrial Accident Commission order that commuted to a lump sum a workmen's compensation award of weekly payments to respondents Lucille Morse and her two children.

█ As we explain below, in view of our determination in *Fraide*, we believe that we must remand this case to the commission for reconsideration.

Mrs. Morse, the widow of a former city fireman who died as a result of injuries incurred in his employment as a fireman in January 1961, applied to the commission for death benefits pursuant to the workmen's compensation provisions of the Labor Code. Awarding the full amount of such benefits, the commission refused to allow the city any credit for the widow's pension payments which would be owing under the city charter. The District Court of Appeal denied the city's petition for a writ of review; this court denied a petition for hearing.

The city proceeded to pay the weekly compensation award to Mrs. Morse, but attempted to reduce her pension payments. In an effort to realize the maximum possible benefits Mrs. Morse applied to the commission for commutation of the compensation award to a lump sum payment equal to the present value of the awarded weekly payments. She contended that once the full amount of the workmen's compensation award had been paid, the city could not then reduce the pension payments. The commission granted the commutation; the city now seeks annulment of the order.

The order of commutation does not purport to, nor could it, directly adjudicate the city's liability under the pension plan. The commission did, however, look to the practical effect of commutation on the pension liability. The commission's order essentially rests on the theory that the employee should receive both full compensation and pension payments.

We have held in *Fraide* that this theory is erroneous: that the city is entitled to a partial credit against workmen's compensation. The city, therefore, may be entitled to a credit on future compensation liability or may be entitled to reduce future pensions which it may pay to Mrs. Morse. In the instant case, however, the District Court of Appeal denied a petition for a writ of review to consider the credit issue and this court denied a petition for hearing. Questions of res judicata or collateral estoppel may therefore be involved.[1]

---

[1] The city has argued that the commission acted beyond its powers in ordering commutation. We cannot accept this proposition. The commutation in the instant case would apparently subserve Mrs. Morse's "best interest." (See Lab. Code, § 5100, subd. (a).) The crucial question appears to be whether the order of commutation, in the circumstances of this case, is "unreasonable." (Lab. Code, § 5952, subd. (c).) If the city is lawfully entitled to reduce its workmen's compensation

Counsel, of course, have not had the opportunity to present their respective positions on these issues; we do not believe that we should pass upon them at this time.

In view of this disposition of the case, the city's other contentions relating to alleged errors in procedure by the commission need not be discussed.

The Industrial Accident Commission's order is annulled, and the cause is remanded to the commission.

Traynor, C. J., McComb, J., Peters, J., Peek, J., Mosk, J., and Schauer, J.,* concurred.

---

liability to Mrs. Morse we see no reason why it may not, as an alternative, reduce its pension liability. In either case, of course, the reduction may not exceed an amount determined by the method of computation outlined in *Fraide*. Thus, if the city is entitled to reduce its workmen's compensation liability to Mrs. Morse, the commutation order, which attempts to foreclose reduction of future pension payments, is unreasonable. On the other hand, if the principles of res judicata or collateral estoppel apply in the instant case, the city will not be permitted to reduce its pension liability to Mrs. Morse. Thus the commutation award would be reasonable. As we have indicated above, we do not pass on the crucial question of the applicability of the principles of collateral estoppel or res judicata.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.