[Civ. No. 40709. Second Dist., Div. Four. May 31, 1973.]

MARY ALICE MYERS, Plaintiff and Appellant, v.
FIRE AND POLICE PENSION SYSTEM,
CITY OF LOS ANGELES et al., Defendants and Respondents.

## COUNSEL

Silver & Streller, Allan B. Streller and Harold L. Greene, for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, John Daly and James A. Doherty, Assistant City Attorneys, Siegfried O. Hillmer and Arthur D. Rutledge, Deputy City Attorneys, for Defendants and Respondents.

OPINION

KINGSLEY, J.—Petitioner filed a writ of mandate charging respondents with violating article XVIII of the Charter of the City of Los Angeles in causing petitioner's pension to be reduced by the amount of an $18,100 workmen's compensation award that had been made to petitioner. Respondents answered, a hearing was held in department 65 of the superior court, and the court denied petitioner any relief. Findings of fact and conclusions of law were filed, a judgment was rendered and entered, and petitioner filed a notice of appeal.

Petitioner is the widow of a Los Angeles city police officer who was employed in that capacity from September 17, 1942, to and including September 6, 1968, the date of his death. At that time, petitioner's husband was eligible for a service pension pursuant to section 190.11 of the Los Angeles City Charter. The day after the officer's death, the widow was granted a widow's pension by respondents pursuant to section 190.13(a)(6) of article XVIII of the Charter of the City of Los Angeles. The Workmen's Compensation Appeals Board of the State of California found that decedent's death was service connected and awarded petitioner death benefits of $18,000, payable $70 per week. Respondents suspended further pension payments to petitioner until the total value of such suspended pension installments equalled $18,000, on the ground that respondents were entitled to credit the value of the workmen's compensation award against future pension payments pursuant to section 190.15 of the Los Angeles City Charter.

Petitioner alleges that the lower court erred in holding that respondents acted lawfully in deducting from petitioner's widow's pension a sum equal to the workmen's compensation award received by her.

■ A pension for a widow is considered an element of the employer's contract compensation (*Abbott* v. *City of Los Angeles* (1958) 50 Cal.2d 438, 454 [326 P.2d 484]), and generally a workmen's compensation award for an employee's death may not be deducted from a widow's pension. (*Vero* v. *Sacramento City E. R. System* (1940) 41 Cal.App.2d 482 [107 P.2d 82].) ■ A police officer's widow who is entitled to a pension under the city charter does not waive her rights to a pension by applying for and accepting a workmen's compensation award since the payment of workmen's compensation and a pension are supported by entirely different principles. (*Larson* v. *Board of Police etc. Commrs.* (1945) 71 Cal.App.2d 60 [162 P.2d 33].)

However, a deduction for workmen's compensation from a widow's pension is proper where the law specifically provides for such a deduction. (*Stafford* v. *L. A. etc. Retirement Board* (1954) 42 Cal.2d 795 [270 P.2d 12].) The rule that deductions may not be taken from pensions for workmen's compensation does not apply where "such an intent is clearly apparent," and is "specifically and clearly set forth." (*Vero* v. *Sacramento City E. R. System, supra,* 41 Cal.App.2d 482, 485.) ■ A pension law may provide that the amount of the pension is to be credited for workmen's compensation, but only the amount contributed by the public entity may be so credited because a person cannot be required to pay part of his own workmen's compensation. (*Healy* v. *Industrial Acc. Com.* (1953) 41 Cal.2d 118 [258 P.2d 1]; *Lyons* v. *Hoover* (1953) 41 Cal.2d 145 [258 P.2d 4].)

■ Therefore, it remains for us to examine the applicable pension law in order to determine whether that law specifically and clearly provides that the amount of the widow's pension is to be credited with workmen's compensation.

Petitioner was granted a pension under section 190.13(a)(6) of the Los Angeles City Charter. That section reads as follows: "System Member's Death While Eligible for Service Pension. The qualified surviving spouse of a System Member who shall die, while he is a Department Member eligible for a pension pursuant to Section 190.11, by reason of injuries or sickness other than injuries received or sickness caused by the discharge of his duties, shall be paid, for life or until she shall cease to be a qualified surviving spouse, a monthly pension in an amount which shall be equal to the same percentage of such System Member's Normal Pension Base as the percentage thereof which would have been applicable to the calculation of his pension had he retired pursuant to Section 190.11 as of the date of his death, provided, however, that the percentage of his Normal Pension Base shall not exceed 55% for the purposes of this subsection of this section."

Section 190.15 of the Los Angeles City Charter permits a setoff for receipt of workmen's compensation against *any* pensions, other than pensions granted pursuant to section 190.11. Section 190.15 reads as follows: "For the purposes of this section, 'compensation' is defined as every payment provided for by any general law providing benefits for injury, sickness or death caused by or arising out of employment, and also includes payments made to satisfy any claim for damages to the extent that such payments relieve of the obligation to pay compensation under any such general law. If, pursuant to general law, an award of compensation shall be made or compensation shall be paid on account of injury, sickness or death

caused by or arising out of employment as a Department Member then, and in that event, the total amount of *any pension* granted pursuant to this Article shall be deemed to be, and shall be, reduced by the total amount of the compensation so awarded or so paid and the amount remaining after such reduction therefrom shall be deemed to be, and shall be, the pension so granted; *provided, however, that any pension granted pursuant to Section 190.11 shall not be reduced by any compensation which shall be awarded or paid, nor shall any pension be reduced by any compensation which shall be awarded or paid to any Retired Member retired pursuant to Section 190.11 or to any System Member who shall die while eligible to retirement pursuant to said section.* In the event that any such award shall be made or compensation shall be paid, any installment payments which shall be made pursuant to this Article shall be deemed to be, and shall be, payments of such award or compensation and shall be applied to the payment of any such award or compensation and any portion of the installment payments which shall not be so applied shall be deemed to be, and shall be, payments of the pension so granted. Pension installment payments shall be made only to the extent that the cumulative sum of the installment payments of pension provided for in this Article and accrued and paid shall exceed the cumulative sum of the award or compensation paid. No deductions which shall be made from the salary of any System Member and deposited to the credit of the New System Service Pension Fund shall cover, directly or indirectly, the cost of any compensation but shall be applied only to the cost of pensions which shall be granted pursuant to Section 190.11." (Italics added.)

Therefore, by the language of section 190.15, the total amount of "any pension" other than a "pension granted pursuant to section 190.11" shall be reduced by the total amount of compensation awarded. Since petitioner's pension was not granted to a System Member or Retired Member pursuant to section 190.11, the deduction for workmen's compensation was proper under section 190.15.

Appellant argues that her benefits in her pension were derived from section 190.11 and therefore, under the language of section 190.15, she is expressly spared the reduction for workmen's compensation. We do not agree that her pension emanates from section 190.11. Although petitioner's husband was eligible for a service pension under section 190.11,[1] and

---

[1]"Sec. 190.11. Service Pension. Any System Member under the age of 65 years who shall have 20 years of service or more shall be retired by order of the Board from further active duty as a Department Member either (a) upon the filing of his written application therefor or (b) upon the filing of a written request therefor by or on behalf of the head of the department in which he is a Department Member if it shall

therefore he would have been spared the setoff had he been alive and applied for a pension under that section, the petitioner's widow's pension was granted under a separate section, 190.13(a)(6). Although it is true that a widow's rights are derivative, and in a sense are to be determined by reference to a husband's pension rights (*Mitchell* v. *City of Los Angeles* (1966) 239 Cal.App.2d 618 [49 Cal.Rptr. 13]), this generalization does not help petitioner. The fact that the widow's pension was possible only because of her husband's original eligibility under section 190.11 does not change the fact that her pension was expressly granted pursuant to section 190.13(a)(6), and not section 190.11. Under the clear language of section 190.15, only those pensions granted to retired members and system members pursuant to section 190.11 are not reduced by compensation and petitioner's award is therefore subject to a setoff. Although we agree that pension laws should be construed liberally to confer benefits and may not be taken away by a strained construction (*Larson* v. *Board of Police etc. Commrs., supra,* 71 Cal.App.2d 60), we cannot ignore the clear language of the ordinance.

Petitioner argues that the purpose of section 190.15 is to preclude double recovery for the same accident, and petitioner would not be receiving an

---

be determined by the Board to be for the good of such department, other than for a cause or reason which would entitle such System Member to a disability pension pursuant to Section 190.12, and the Board, if it shall so determine, shall state the cause or reason therefor in its order retiring such System Member. Any System Member who shall have attained the age of 65 years, whether or not he shall file his written application therefor, shall be retired by order of the Board from further active duty as a Department Member effective not later than the first day of the month following the month during which he shall have attained such age unless the Board, prior to making its order retiring such System Member, shall be notified in writing by or on behalf of the head of the department in which he is a Department Member that it, after having required him to submit to a physical examination and after having read the medical report with respect thereto, had adopted an order, motion or resolution extending his active status as a Department Member for not more than 1 year from the date upon which he shall have attained such age. Any System Member who shall have attained the age of 65 years or over and whose active status as a Department Member shall have been so extended which, however, may be done by the head of his department for only 1 year at a time but not beyond the age of 70 years, shall be retired by order of the Board, whether or not he shall file his written application therefor, from further active duty as a Department Member effective not later than the first day of the month following the month during which his extended active status as such shall have expired or during which he shall have attained the age of 70 years. Any such Retired Member shall be paid thereafter and for life a monthly service pension in an amount which shall be equal to a percentage of his Normal Pension Base, to wit: for less than 25 years of service, 2% thereof for each year of service; for 25 years of service, 55% thereof; and for each year of service over 25 years of service, an additional 3% thereof, not exceeding in all, however, a maximum of 70% thereof. No Retired Member, retired pursuant to this section, ever shall be paid any pension pursuant either to subsection (a) or to subsection (b) of Section 190.12. [Added, 1967.]"

award for the same accident. Although this may be one of the purposes of section 190.15, it is also possible that the legislative body intended to provide greater benefits for former employees than for the widows of such employees. Such a procedure is-not uncommon in the business world, and we cannot say that the only purpose of section 190.15 is to prevent double recovery from the same accident.

There is ample authority that a municipality, under an appropriate charter provision, can take credit for death allowances paid or payable to the same person as is the person who is the beneficiary of a workmen's compensation award. (*City of Los Angeles* v. *Industrial Acc. Com.* [*Morse*] (1965) 63 Cal.2d 263 [46 Cal.Rptr. 110, 404 P.2d 814]; *City of Los Angeles* v. *Industrial Acc. Com.* [*Fraide*] (1965) 63 Cal.2d 242 [46 Cal. Rptr. 97, 404 P.2d 801]; *Lyons* v. *Hoover, supra,* 41 Cal.2d 145.)[2] "It has repeatedly been held that a municipality may protect itself in this manner from such double liability." (*City of Oakland* v. *Workmen's Comp. App. Bd.* (1969) 271 Cal.App.2d 555, 556 [76 Cal.Rptr. 886].) Although many of the cases do deal with preventing double recovery for the same accident, it is possible for a city to write an ordinance precluding other types of double recovery. That is what the city has done in section 190.15.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

[2]Note that only the amount contributed by the public entity may be so credited, because a person cannot be required to pay part of his workmen's compensation benefits. (*Symington* v. *City of Albany* (1971) 5 Cal.3d 23 [95 Cal.Rptr. 206, 485 P.2d 270]; *Healy* v. *Industrial Acc. Com., supra,* 41 Cal.2d 118; *Lyons* v. *Hoover, supra,* 41 Cal.2d 145.) The city is entitled only to partial credit against its workmen's compensation liability—bearing the same ratio as the "city's contributions to the pension fund bears to the total contribution to the fund." The city is not entitled to a complete credit. (*City of Los Angeles* v. *Industrial Acc. Com.* [*Fraide*] *supra,* 63 Cal.2d 242.) Petitioner does not challenge respondents' contention that the fund used to pay petitioner consisted solely of tax money and not employee contributions. Therefore the workmen's compensation award can be completely offset against petitioner's pension, since she is being paid out of funds that do not consist of her husband's contributions.