[Civ. No. 60788. Second Dist., Div. Two. May 27, 1981.]

DONALD C. WESLEY, Plaintiff and Appellant, v.
BOARD OF PENSION COMMISSIONERS OF THE CITY OF
LOS ANGELES, Defendant and Respondent.

COUNSEL

Mohi & Glasman and Gary Mohi for Plaintiff and Appellant.

Burt Pines, City Attorney, Siegfried O. Hillmer, Assistant City Attorney, and Beverly E. Mosley, Deputy City Attorney, for Defendant and Respondent.

OPINION

**FLEMING, J.**—Donald Wesley appeals the denial of his petition for mandate. The issue is whether his employer, the City of Los Angeles, was entitled to reduce his disability retirement pension by the amount of his workers' compensation award.

Wesley was employed as a Los Angeles police officer from May 1955 until August 1972, when at the age of 39 he was found to be suffering from a disabling heart condition and was granted a "nonservice-connected disability retirement" pension. (Charter of the City of Los Angeles, § 190.12(b).) In June 1978, six years after he retired, Wesley was awarded $3,780 in workers' compensation benefits for a service-connected back injury sustained in 1971. In September 1978 the city

notified Wesley that his pension would be offset by the amount of his workers' compensation in accordance with section 190.15 of its charter, which entitles the city to offset liability for workers' compensation against certain pensions. City thereafter suspended Wesley's pension payments until the total value of the suspended installments equalled the amount of his workers' compensation benefits. Wesley unsuccessfully petitioned the superior court to mandate the city to pay the additional $3,780 in pension benefits.

On appeal, Wesley contends that section 190.15 of the city charter is (1) invalid because it conflicts with section 3751 of the Labor Code, which prohibits funding of workers' compensation awards through employee salary deductions or contributions, and (2) inapplicable in any event because the pension and workers' compensation awards were based upon different injuries.

I

Section 190.15 of the charter, the section which permits the city to offset workers' compensation obligations against certain pensions reads in part: "If, pursuant to general law, an award of compensation shall be made or compensation shall be paid on account of injury, sickness or death caused by or arising out of employment . . . the total amount of any pension granted pursuant to this Article shall be deemed to be, and shall be, reduced by the total amount of the compensation so awarded . . . provided, however, that any [service] pension granted pursuant to Section 190.11 shall not be reduced by any compensation which shall be awarded or paid, . . . "

Wesley was a member of the city's pension system (New System) for police and fire personnel, the provisions for which are contained in article XVIII (§ 190.01 et seq.) of the city's charter. The obligations of the New System, consisting primarily of the payment of service, disability, and widows' pensions, are satisfied from two separate and distinct funds. (§ 190.06.) The first, the service pension fund (Service Fund), is derived primarily from deductions from members' salaries, and used exclusively to pay service pensions granted under section 190.11 of the charter. The second, the general pension fund (General Fund), is derived from money appropriated by the city council, and used to satisfy all other pension obligations under the New System except service pensions. Although money in the General Fund may be transferred to the Service Fund to pay service pensions, money in the Service Fund may

not be transferred to the General Fund, nor may the funds' assets be commingled. Wesley's pension, granted under section 190.12(b) as a nonservice-connected disability retirement pension, was payable from the General Fund.

Wesley argues that the provisions of section 190.15 which allow offset conflict with section 3751 of the Labor Code, which prohibits any employer from taking deductions from the earnings of any employee to cover the cost of workers' compensation. It has been held that section 3751 prohibits a municipal employer from offsetting the entire amount of workers' compensation benefits against its pension liability when the pension is funded by employee deductions. In such cases the city is entitled only to a partial credit equal to its own contribution to the pension fund. (*Symington* v. *City of Albany* (1971) 5 Cal.3d 23 [95 Cal.Rptr. 206, 485 P.2d 270]; *City of Los Angeles* v. *Industrial Acc. Com. (Fraide)* (1965) 63 Cal.2d 242 [46 Cal.Rptr. 97, 404 P.2d 801]; *City of Los Angeles* v. *Industrial Acc. Com. (Morse)* (1965) 63 Cal.2d 263 [46 Cal.Rptr. 110, 404 P.2d 814]; *Healy* v. *Industrial Acc. Com.* (1953) 41 Cal.2d 118 [258 P.2d 1].) At bench, the General Fund from which Wesley's pension was paid was not composed of employee contributions or deductions, but consisted entirely of city contributions. Accordingly, section 190.15 of the city charter and section 3751 of the Labor Code do not conflict. (*Lyons* v. *Workmen's Comp. Appeals Bd.* (1975) 44 Cal.App.3d 1007 [119 Cal.Rptr. 159].)

II

Wesley further contends that the purpose of section 190.15 is to prevent an employee from recovering twice for the same injury and therefore the section does not apply when the pension and workers' compensation awards are based upon different injuries. But while prevention of double recovery may be one of the objectives of section 190.15, nothing in the language of the ordinance suggests that this is its only purpose. To the contrary, the section expressly applies to all pensions except service pensions paid in part by employee contributions.

The contention that section 190.15 applies only to prevent double recovery on the part of an employee who receives both pension and workers' compensation benefits for a single injury was raised and rejected in *Myers* v. *Fire & Police Pension System* (1973) 32 Cal.App.3d 725 [108 Cal.Rptr. 429]. In *Myers* appellant was receiving a widow's nonservice pension under section 190.13(a)(6) of the Los Angeles City

Charter. In accordance with section 190.15, the city reduced the widow's pension by the amount of a workers' compensation award she received after the Workers Compensation Appeals Board determined that her husband's death was service connected. In rejecting the contention that the sole purpose of section 190.15 was to prevent double recovery, the court stated that "although many of the cases [holding that a municipality may protect itself from double liability] do deal with preventing double recovery for the same accident, it is possible for a city to write an ordinance precluding other types of double recovery. That is what the city has done in section 190.15." (*Myers* v. *Fire & Police Pension System, supra*, p. 731.) We agree.

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.